# ALSTON&BIRD LLP

90 Park Avenue
New York, NY 10016
212-210-9400
Fax: 212-922-3847
www.alston.com

John D. Roesser                    Direct Dial: 212-210-9479            Email: john.roesser@alston.com

April 10, 2014

<u>**Via ECF**</u>

Magistrate Judge A. Kathleen Tomlinson
United States District Court – EDNY
814 Federal Plaza
Central Islip, New York 11722

> Re:    *Official Committee of Unsecured Creditors of Exeter Holding,*
>         *Ltd. v. Linda Haltman, et al., Case. No. 13-cv-05475-JS-AKT*

Dear Judge Tomlinson:

The firm is special litigation counsel for Plaintiff Gary Herbst (the "Plaintiff" or "Plan Administrator"), in his capacity as plan administrator for the confirmed plan of Exeter Holding, Ltd. ("Exeter"), in the above-captioned proceeding. We write in opposition to the letter motion for a protective order filed by counsel for Adam Markel, Esq. (the "Letter Motion"; Docket No. 33). Mr. Markel has requested that his deposition called for by in the Non-Party Subpoena[1] issued in this action (the "Insider Action") be scheduled in connection with the discovery schedule of a related, pending state court action that was recently filed against Mr. Markel by the Plan Administrator (the "Malpractice Action"). We respectfully request that the Court deny Mr. Markel's Letter Motion.

## *Mr. Markel Has Not Provided Good Cause To Delay His Deposition*

As Mr. Markel notes, Federal Rule of Civil Procedure 26(c) permits the Court "for good cause" to enter a protective order. However, "the grant or denial of a protective order lies within the sound discretion of the district court." *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 20 (2d Cir. 1992). The burden for establishing good cause is placed on the party seeking protection—here, Mr. Markel. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004). Mr. Markel has failed to carry this burden to establish "good cause" why his deposition in the Insider Action should not proceed as scheduled.

---

[1] All capitalized terms not otherwise defined herein shall have the meaning afforded to them in the Letter Motion.

April 10, 2014
Page 2

Mr. Markel does not contend that he lacks knowledge that will inform Plaintiff's claims in the Insider Action, nor does he dispute the relevance of his potential testimony (*See* Letter Motion 2, ("There is no dispute that the two actions arise from a common set of alleged facts and circumstances")). Rather, Mr. Markel served as counsel to Exeter during the time period relevant to the allegations in the Complaint:  namely,

- providing legal advice to Exeter and the Defendants in the Insider Action relating to loans that Exeter originated,

- overseeing litigations and foreclosures relating to loans in default, executing documents as a vice president of Exeter, and

- serving as a business partner of Defendant Michael Haltman in a title company that was formed during the relevant time period.

Indeed, Mr. Markel's name has come up repeatedly in depositions taken to date in the Insider Action and appears prominently in key documents produced in the case.  Finally, Mrs. Haltman has testified that Mr. Markel was responsible for ensuring that the loans that Exeter made and the mortgages it received were properly documented and recorded, a key issue relating to the alleged breach of fiduciary duties by the Defendants in the Insider Action.  *See, e.g.*, Transcript for the March 24, 2014 Deposition of Linda Haltman, 247:15–248:17; 252:16-25; 275:18-278:21, 281:4-283:18:

Accordingly, Mr. Markel's testimony will serve as an essential piece of Plaintiff's case against the Defendants that should not be delayed while the Malpractice Action develops in state court.  *See, e.g.*, *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 203 (D. Md. 2006) (denying motion for protective order brought by former attorney of a defendant where a later separate action was filed against the attorney but the attorney's answers to deposition questions in the earlier action would be highly relevant and represented legitimate areas of inquiry).

### Mr. Markel's Reliance on the New York CPLR is Misplaced

Mr. Markel's argument with respect to the priority of depositions set forth in N.Y. C.P.L.R. § 3106(a) is inapplicable in federal court and has no bearing on whether a deposition should proceed in federal court.  Moreover, the case law cited by Mr. Markel is distinguishable and does not discuss the priority of depositions between state court actions and federal actions.  *See Bennett v. Riverbay Corp.*, 40 A.D.3d 319, 320 (N.Y. App. Div. 1st Dep't 2007); *Bucci v. Lydon*, 116 A.D.2d 520, 521 (N.Y. App. Div. 1st Dep't 1986).  In any event, Plaintiff is not interfering with Mr. Markel's rights in the Malpractice Action, but is, rather, proceeding with an already scheduled deposition in a federal court action in which fact discovery should draw to a close shortly.

April 10, 2014
Page 3

### *Plaintiff will be Prejudiced if Mr. Markel's Deposition is Not Taken in Short Order*

Plaintiff submits that delaying Mr. Markel's deposition in this matter while the Malpractice Action develops would be prejudicial and "would not serve the interest of the just and speedy administration of [this] lawsuit." *Hachette Distribution, Inc. v. Hudson County News Co.*, 136 F.R.D. 356 (E.D.N.Y. 1991). The parties are nearing the end of fact discovery in the Insider Action. In fact, during the April 8, 2014 status conference, the Court ordered that all depositions be completed by April 29, 2014. Nonetheless, Mr. Markel is essentially asking that the Insider Action be brought to a grinding halt by having his deposition scheduled many months after that.

While Mr. Markel argues that Plaintiff will suffer no prejudice if he is permitted to appear and investigate the factual allegations in the Malpractice Action before submitting to a deposition in this action, he admits that delaying the deposition will result in significant delay to the Insider Action. *See* Letter Motion at 2. In fact, pursuant to an accommodation provided by the Plan Administrator, Mr. Markel has not served an answer in the Malpractice Action and is not required to do so until April 11, 2014. And, as Mr. Markel admits in the Letter Motion, a preliminary conference, which will set discovery deadlines in the Malpractice Action, will not be scheduled for another 30 to 60 days. By that time, the parties in the Insider Action, based upon the current discovery schedule, will have moved on to expert discovery and, potentially, summary judgment. Mr. Markel's testimony is important to both of those endeavors and, despite his intimation otherwise, Mr. Markel's production of documents is not a sufficient substitute.

Therefore, Plaintiff respectfully requests that the Court deny Mr. Markel's Letter Motion and direct him to appear for a deposition prior to the April 29, 2014 deadline for completing depositions in the Insider Action. If the Court denies Mr. Markel's Letter Motion, we will work with Mr. Markel to schedule his deposition at a mutually agreeable time and location.

Thank you for your consideration.

Respectfully submitted,

John D. Roesser

cc:   Opposing Counsel (via email)