## Weinberg, Gross & Pergament LLP
### ATTORNEYS AT LAW
Suite 403
400 Garden City Plaza
Garden City, New York 11530

Marc J. Weingard

Telephone: (516) 877-2424 Ext. 233
Facsimile: (516) 877-2460
Email: mweingard@wgplaw.com

August 25, 2014

Via ECF

Magistrate Judge A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

      Re: Official Committee of Unsecured Creditors of
         Exeter Holding, Ltd. v. Linda Haltman, et. al.,
         Case No. 13-cv-05475-JS-AKT

Dear Magistrate Judge Tomlinson:

    This firm is counsel to several of the Haltman Defendants in the above-referenced case. By Order dated August 6, 2014 ("Order") (Docket Entry # 38), your Honor directed the Haltman Defendants, within twenty one (21) days of date of the Order, to identify documents from the "Prior Productions" that are responsive to Plaintiff's Document Request Nos. 4 and 8. As relevant to the Order and this motion, the Prior Productions included: (1) all documents and electronic files turned over by the Debtor to the Official Committee of Unsecured Creditors ("Committee"), the original Plaintiff in this action; (2) all documents turned over by the Debtor to the Plan Administrator, the current Plaintiff;[1] and (3) the Debtor's computer and hard drive.

    Since August 6, 2014, the Haltman Defendants have sought to comply with the Order. However, despite numerous demands, Plaintiff has refused to produce and/or make available to the Haltman Defendants the Debtor's computer and hard drive in the form they were produced to Plaintiff and has additionally refused to produce and/or make available to the Haltman Defendants documents such as promissory notes and bank statements in the form they were produced by the Debtor to Plaintiff. By virtue of these actions, Plaintiff has made it impossible for the Haltman Defendants (and the other Defendants) to comply with the Order. Moreover, it is apparent that when the parties appeared in Court on August 6, 2014, Plaintiff knew that the Haltman Defendants would be unable to comply with the Order, but failed to advise the Court of this fact.

---

[1] References herein to "Plaintiff" are to the Committee and the Plan Administrator, individually and collectively.

Magistrate Judge A. Kathleen Tomlinson
United States District Court
August 25, 2014
Page 2

   The Haltman Defendants hereby move to vacate the Order as it applies to the Haltman Defendants. Alternatively, the Haltman Defendants move to: (1) compel Plaintiff to turn over and/or make available to the Haltman Defendants the entirety of the Prior Productions in the form that those items were produced by the Debtor to Plaintiff in 2012 and 2013, including the Debtor's computer, together with a functioning operating system, and all of the .pdf files electronically transmitted by the Debtor to Plaintiff as attachments to emails; and (2) extend the time for the Haltman Defendants to comply with the Order to a date not less than ten (10) days after Plaintiff turns over and/or makes available these items.

   On August 22, 2014, I spoke with Plaintiff's counsel regarding the issues underlying this motion and was unable to come to an amicable resolution.

   As this Court is aware, Request No. 4 seeks documents relating to the Debtor's (or a Real Property Corporation's) payment of "Personal Expenses" of the Haltman Defendants. Request No. 8 seeks documents relating to the Haltman Defendants' payment of money into the Debtor, including bank statements, notes, promissory notes, wire transfer records and canceled checks.

   To seek to comply with the Order, the Haltman Defendants planned to review, among other things, the Debtor's computer, bank statements, financial statements and promissory notes.[2]

   On or about August 15, 2014, Plaintiff provided Cullen and Dykman, LLP, counsel for Bruce and Kathleen Frank, with a copy of the Debtor's hard drive, which had been copied from Linda Haltman's computer in October 2012.[3] Despite the best efforts of its computer technicians, Cullen and Dykman has been unable to access any of the information on the hard drive. Thus, the hard drive is useless to Haltman Defendants (and the other Defendants). In response to inquires from Cullen and Dykman and myself, Plaintiff's counsel explained that before the information on the hard drive can be accessed, a database must be created into which the information on the hard drive can be uploaded. On August 21, 2014, Plaintiff's counsel advised me that it cost Plaintiff "around $22,000" to create the database that Plaintiff is currently using. (*See* Exhibit "1" hereto.) Plaintiff offered to provide the Haltman Defendants with access to the database, but only if the Haltman Defendants (and the other similarly situated Defendants) agreed to reimburse Plaintiff for half of the cost of the database.

---

[2] Plaintiff previously turned over a copy of the Debtor's Quickbooks. As such, the Quickbooks are not at issue in this motion.

[3] This computer is also referred to herein as the Debtor's computer.

Magistrate Judge A. Kathleen Tomlinson
United States District Court
August 25, 2014
Page 3

      Rather than pay this substantial cost, the Haltman Defendants requested direct access to the Debtor's computer, which was turned over by Linda Haltman to Plaintiff in 2013 and has been consistently maintained by Plaintiff since that time. The computer contains the programs and software necessary to enable Defendants to access the information on the hard drive. Citing to a chain of custody concern, Plaintiff has declined to provide Defendants with access to the Debtor's computer. (*See* Exhibit "2" hereto.)

      In addition, the Haltman Defendants have been denied access to copies of promissory notes and banks statements that Debtor's counsel provided to Plaintiff in 2012 and early 2013 as .pdf attachments to emails. (*See* email chains reprinted hereto as Exhibits "3" and "4.") For purposes of the Order, the Haltman Defendants are entitled to inspect documents in the form they were originally produced by the Debtor, not in a different form.

      On August 21, 2014, my clients and I, and Mark Friedman, Esq., counsel for Defendants Arnold Frank and Sondra Frank, appeared at the offices of the Plan Administrator. As was apparent from a cursory review of the index of documents prepared by the Plan Administrator, the boxes of documents located at the offices of the Plan Administrator did not contain all of the documents that the Haltman Defendants had produced to the Committee and needed to review in order to comply with the Order. (A copy of the index is annexed hereto as Exhibit "5.") Among other things, the boxes did not contain bank statements or financial statements for the years 2008, 2009, 2010, 2011 and 2012. When the Haltman Defendants sought these documents from the Committee, they were advised that the documents could not be provided in the manner they were provided by the Debtor to the Committee, to wit, as .pdf files.

      The Haltman Defendants contend that rather than seeking to secure facts and information that may be relevant at the trial of this action, Plaintiff is merely seeking to increase the cost to the Haltman Defendants of defending this action. This is not appropriate.

Respectfully yours,

Marc J. Weingard

MJW:js
Encls.

cc:    All Counsel Via E-Mail