# EXHIBIT 2

From: "Roesser, John" <John.Roesser@alston.com>
Date: August 22, 2014 at 1:58:19 PM EDT
To: Marc Weingard <mweingard1@gmail.com>
Cc: Gary Herbst <gfh@lhmlawfirm.com>, "David A. Blansky" <DAB@lhmlawfirm.com>, "Russo, Louis" <Louis.Russo@alston.com>, "Simmons, Bethany" <Bethany.Simmons@alston.com>
Subject: Exeter


Marc,

You have requested that we make available to you the original computer used by Linda Haltman. As I have explained to you, we have serious concerns about doing so.

We have a clear and complete chain of custody for the computer from Ms. Haltman to a locked location at Alston & Bird. Since that computer left Ms. Haltman's possession, we can account for where it was and can attest to the fact that it has never even been turned on, therefore, never altered in any way.

If we make the computer available to Ms. Haltman and the other defendants, that clear chain of custody, and the evidentiary value of the computer, will be called into question and severely diminished. And frankly, I can think of no way to put limitations on the review that would protect the value of the information. Even opening documents to print them out will change the metadata.

We have made no secret of our belief that your client engaged in both significant spoliation and an extreme failure to preserve relevant evidence. In light of the seriousness of these concerns and the importance of the computer to these allegations, we cannot voluntarily turn over the computer.

As you know, we have made other suggestions, including cost sharing so that you can have a copy of our review database. Please let me know if you decide to take us up on any of these other options and we will work diligently to comply.

Please let me know if you have any questions.

Regards,
John

John D Roesser