# EXHIBIT 3

---- Original Message ----
From: "Cuadra, Franco"
Sent: 2/28/2013 11:42:59 AM
To: "'Deborah L. Dobbin'"
Cc: "'ajrlaw'" , "Russo, Lou"
Subject: RE: Request for Documents

Hi, Deborah,

Just following up on the request below. Has the debtor or any of its accountants found the documents requested? If there are none, please confirm that there are none.

Thank you,

Franco

Franco Cuadra
D: +1 (212) 294-2694
www.winston.com

From: Cuadra, Franco
Sent: Tuesday, February 19, 2013 6:00 PM
To: 'Deborah L. Dobbin'
Cc: ajrlaw; Russo, Lou
Subject: RE: Request for Documents

Deborah,

There are two more issues that I forgot to mention in the last e-mail:

Please confirm whether any W2, K1, or 1099 forms were ever issued by Exeter to Repay.

Did Exeter or any of its related entities provide Michael Haltman with any wages, compensation, benefits, salaries, perks, or any other types of payments before the year 2009?

Thank you,

Franco


Franco Cuadra
D: +1 (212) 294-2694
www.winston.com


From: Deborah L. Dobbin [mailto:dldobbin@avrumrosenlaw.com]
Sent: Tuesday, February 19, 2013 1:23 PM
To: Cuadra, Franco
Cc: ajrlaw; Russo, Lou
Subject: Re: Request for Documents


I have forwarded this email to the Debtor as well as Rothbard and Sinchuk.

Deborah L. Dobbin, Esq.
The Law Offices of Avrum J. Rosen, PLLC
38 New Street
Huntington, New York 11743
tel (631) 423-8527
fax (631) 423-4536


---- Original Message ----
From: "Cuadra, Franco" <GCuadra@winston.com>
Sent: 2/19/2013 12:57:19 PM
To: "'Deborah L. Dobbin'" <dldobbin@avrumrosenlaw.com>
Cc: "ajrlaw" <ajrlaw@aol.com>, "Russo, Lou" <LRusso@winston.com>
Subject: RE: Request for Documents


Dear Deborah,


Thank you for responding to our requests. After a careful review of the documents provided in response to our requests, it appears that some of your responses are incomplete. In the future, if there are no documents to provide to us in response to a specific request, please confirm so. Please see below regarding each individual request:

Request 1 was for all notes made to or received from Exeter and its related entities. All notes provided were notes sent to "investors" by Exeter. We think it possible that certain types of notes may have been overlooked.

For example, it seems that there were notes entered into by several related entities borrowing from banks, as those banks recorded liens in the public county records against properties in related entity names. Please provide those mortgages/notes. If there are none, please confirm that there are none.

Additionally, please confirm Exeter did not receive any notes or promissory instruments between 2006 and 2011 from its related entities or from any persons to which it transferred properties for building projects. For example, because there were no documents provided, should we assume that Exeter never received a note for its transfer of funds to 207 W Parrish Pond? Should we also assume that neither Exeter nor 207 W. Parrish Pond received notes from Linda and/or Michael Haltman in 2006 or 2007?

No loan documents between Exeter (and its related entities) and officers or the insider trusts were provided. Please confirm none exists.

The information provided under accountant documents does not necessarily include all internal records of loan and accounts payable. As requested, please provide the Debtor's internal accounting of how it "tallied" debts due and how it distinguished between notes issues and accounts payable to investors. If the debtor did not distinguish between notes and internal accounts due, please confirm that no separate accounting was done for debts due "investors" at any time.

Please identify which, if any, of the promissory notes provide were returned. If none were returned, please indicate so.

Please ask Debtor to explain what Markel had Przygoda do for him that may have caused the Przygoda firm to interact with Exeter on any transactions.

The accountants did not provide 1099 information. Please confirm there were no 1099's issued from 2006 through 2011.


Best regards,

Franco


Franco Cuadra
D: +1 (212) 294-2694
www.winston.com

From: Deborah L. Dobbin [mailto:dldobbin@avrumrosenlaw.com]
Sent: Thursday, February 14, 2013 1:50 PM
To: Cuadra, Franco
Cc: ajrlaw
Subject: Re: Request for Documents

I will be sending you several large files in 8 parts with respect to your request for investor notes. I have been advised that on September 30th of each year, the Debtor issued superceded notes as reflected in the emails that I will forward. The emails consist of notes not previously forwarded or included with the debtor's earlier responses to document demands. I forwarded your request to Rothbard & Sinchuk and have not had any response. I re-forwarded your request today asking for any documents in their possession, esp item #6. From what I understand, the Debtor did not directly work with Deirdre Przygoda. She worked with/for Adam Markel. She may have sinced resigned from the practice of law.

Deborah L. Dobbin, Esq.
The Law Offices of Avrum J. Rosen, PLLC
38 New Street
Huntington, New York 11743
tel (631) 423-8527
fax (631) 423-4536


---- Original Message ----
From: "Cuadra, Franco" <GCuadra@winston.com>
Sent: 2/1/2013 5:22:10 PM
To:     "'AJRLAW@aol.com'"    <AJRLAW@aol.com>,    "'dldobbin@avrumrosenlaw.com'" <dldobbin@avrumrosenlaw.com>
Cc: "Roesser, John D." <JRoesser@winston.com>, "Russo, Lou" <LRusso@winston.com>
Subject: Request for Documents


Dear Deborah,


The Official Committee of Unsecured Creditors of Exeter Holding, Ltd., formally requests several documents (see 1–6 below) pursuant to the court-ordered stipulation of July 10, 2012 [Docket No. 150]. As such, we expect receipt of the documents requested within ten days of this request.

All promissory notes that Exeter or any of its related entities made to or received from any individual, corporation, association, partnership, or other entity in the calendar years 2009, 2010, and 2011. Documents responsive to this request include, but are not limited to, individual monthly interest promissory notes and annual summary notes, as issued to create or to add to the liabilities listed on Exeter financials as "loans payable-investors."

Any and all internal accounting records or documents of loan balances payable by Exeter or any of its related entities to any individual, corporation, association, partnership, or other entity for fiscal years ending 2009, 2010, and 2011. List all responsive documents by person or entity.

All records and/or documents of "Accounts Payable," other than those incurred by notes that Exeter or any of its related entities made to any individual, corporation, association, partnership, or other entity, in the fiscal years ending 2009, 2010, and 2011. List all responsive documents by person and/or entity.

Any and all promissory notes returned per Linda Haltman's request, advice, directives, or commands during calendar years 2009, 2010, and 2011.

Describe in detail any and all involvement Exeter, or any of its related entities, had with former New Jersey attorney Deirdre Przygoda or any entity related to her, including, but, not limited to, Przygoda & Associates.

Any and all documents from Exeter and/or any of its related entities pertaining or relating to insider, director, executive, manager, supervisor, advisor, consultant, or other employee or independent contractor compensation and/or income, including, but not limited to, payroll records and/or documents, such as W-2 statements, pay stubs, 1099 statements, and K1 statements, for the calendar years 2006 to 2012.

In the event that Exeter and/or its related entities does not possess, control, or otherwise store or maintain any of the documents requested above, please forward these requests to Rothbard & Sinchuk, and please copy us in all communications with them.

Thank you for your cooperation in this matter, and have a good weekend.


Best regards,

Franco

Gianfranco J. Cuadra
Associate
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
D: +1 (212) 294-2694
F: +1 (212) 294-4700
Bio | VCard | Email | www.winston.com