# Weinberg, Gross & Pergament LLP
## ATTORNEYS AT LAW
Suite 403
400 Garden City Plaza
Garden City, New York 11530

Marc J. Weingard

Telephone: (516) 877-2424 Ext. 233
Facsimile: (516) 877-2460
Email: mweingard@wgplaw.com

September 8, 2014

Via ECF

Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

>  Re:  Official Committee of Unsecured Creditors of
>  Exeter Holding, Ltd. v. Linda Haltman, et. al.,
>  Case No. 13-cv-05475-JS-AKT

Dear Magistrate Judge Tomlinson:

This firm is counsel to several of the Haltman Defendants in the above-referenced action. By this letter, the Haltman Defendants move for an order pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure to preclude Plaintiff from presenting evidence on a motion or at a trial or hearing relating to the allegation that funds of Exeter Holding, Ltd. ("Exeter") were used to "pay personal expenses of the Frank-Haltman clan" (Complaint, ¶¶ 140-148), together with an award of the reasonable costs and attorney's fees associated with making this motion. The basis for the motion is Plaintiff's failure, as part of his revised Initial Disclosures, to provide a computation of the damages that he allegedly suffered as a result of the Family Expenses Fraud, which underlies nearly every claim asserted in the Complaint, including fraud, fraudulent transfer, fraudulent conveyance, preference and breach of fiduciary duty.

I have spoken with Plaintiff's counsel regarding the issues underlying this motion, but was unable to come to an amicable resolution.

By Order dated August 6, 2014 ("Order"), Your Honor directed Plaintiff to revise the damage computations contained in his Amended Initial Disclosures. On August 11, 2014, Plaintiff served his Second Amended Initial Disclosures ("SAID"). On August 15, 2014, in response to my letter dated August 12, 2014, Plaintiff served his Third Amended Initial Disclosures ("TAID"). (Copies of the relevant portions of the SAID and the TAID are annexed hereto as Exhibits 1 and 2, respectively.)

In the SAID, Plaintiff claims that Exeter suffered four (4) categories of damages, including damages resulting from the alleged preferences and fraudulent transfers made by Exeter to the Individual Defendants and the Trust Defendants. (Ex. 1, p. 17.) Plaintiff itemizes these damages in a chart on page 18 of the SAID. (*Id.*, p. 18.) However, since the Family Expenses Fraud is based almost entirely on transfers made by Exeter to third parties such as banks, doctors and academic institutions, the chart on page 18 is irrelevant to the Family Expenses Fraud claim.

Plaintiff's failure to provide any indication of the amount of damages that Exeter allegedly suffered as a result of the Family Expenses Fraud is particularly egregious because in the Complaint, Plaintiff does not allege that any of the following Individual Defendants or Trust Defendants received a preference or a fraudulent transfer: C.H., C.H. Trust, Ryann Haltman, Ryann Haltman Trust, Samantha Haltman Trust,[1] B.F, B.F. Trust, E.F, E.F. Trust, J.F., J.F. Trust, K.F., K.F. Trust, Barbara Cohen - Linda Haltman Trust, Murray Cohen - Linda Haltman Trust, Barbara Cohen - Bruce Frank Trust, Murray Cohen - Bruce Frank Trust, Barbara Cohen-Larry Frank Trust, Murray Cohen- Larry Frank Trust. Thus, these Defendants remain completely unaware of their exposure, if any, in this action.

Upon receipt of the SAID, the Haltman Defendants notified Plaintiff that the SAID violated Rule 26 because, among other things, it did not purport to provide any computation of damages arising from the Family Expenses Fraud. (*See* letter dated August 12, 2014 annexed hereto as Exhibit 3.) In response, Plaintiff served the TAID, which is identical to the SAID with the exception of the following additional statement:

> Exeter also paid back salaries to certain of the Defendants employed by the company while the company was in the zone of becoming, or was, insolvent. The company also made payments to insurance companies on behalf of certain of the Defendants when the company was in the zone of becoming, or was, insolvent. Discovery indicates that there may be additional transfers (particularly for payment of Personal Expenses), as we are still in the process of obtaining such information." (Ex. 2, p. 18.)

Thus, as with the SAID, the TAID provides no computation or estimation of the damages that Exeter allegedly suffered as a result of the Family Expenses Fraud. (*See* letter dated August 15, 2014 annexed hereto as Exhibit 4.)

---

[1] Plaintiff alleges that Samantha Haltman received a fraudulent transfer in the sum of $635.00. (Ex. 1, p. 18.)

Magistrate Judge A. Kathleen Tomlinson
United States District Court
September 8, 2014
Page 3

       The Haltman Defendants anticipate that Plaintiff will argue that due to his purported lack of knowledge regarding the full extent of the Family Expenses Fraud, he was relieved from providing a computation of damages arising from the Family Expenses Fraud. This argument is defective.

       First, under Rule 26(a)(1)(e), a party "must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." (Lexis, 2014.) Thus, Plaintiff's purported need for additional discovery regarding the Family Expenses Fraud does not excuse his failure to address the Family Expenses Fraud in the SAID or TAID.

       Second, when he filed the Complaint, Plaintiff had substantial knowledge regarding the Family Expenses Fraud, as evidenced by the section of the Complaint entitled "Family Expenses," in which Plaintiff identifies the following payments as potentially fraudulent: consulting fees paid to Bruce and Larry Frank; medical expenses paid on behalf of the Frank-Haltman Clan; educational expenses paid to universities and sororities on behalf of the Grandchildren; and transportation expenses paid for automobiles used by Arnold Frank, Sondra Frank and/or Linda Haltman. (Complaint, ¶¶ 140-143.) Since filing the Complaint, Plaintiff has broadened this list to include cell phone expenses paid on behalf of the Grandchildren and payments made to insurance companies of behalf of certain of the Defendants. Plaintiff is fully aware of the amount of all of these expenses, which are reflected in the QuickBooks and canceled checks that Exeter turned over to Plaintiff prior to the commencement of discovery in this action.

       Based on Plaintiff's repeated and willful violation of Rule 26(a)(1)(A)(iii), this Court should grant the Haltman Defendants the relief sought herein.

                                     Respectfully yours,

                                       Marc J. Weingard

MJW:mi
Encls.

cc:    All Counsel Via Email