| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

BEFORE:   A. KATHLEEN TOMLINSON            DATE:   12-23-2014
          U.S. MAGISTRATE JUDGE             TIME:   2:09 p.m.  (51 minutes)

*Official Committee of Unsecured Creditors of Exeter Holding Ltd. v. Haltman, et al.*
**CV 13-5475 (JS) (AKT)**

TYPE OF CONFERENCE:        MOTION HEARING/STATUS CONFERENCE

APPEARANCES:   Plaintiff:    **John D. Roesser**

               Defendants:   **Marc Pergament** (Linda Haltman, Michael Haltman,, Ryann Haltman, Samantha Haltman, C.H.,, Barbara Cohen-Linda Haltman Trust, Murray Cohen-Linda Haltman Trust, Barbara Cohen-Bruce Frank Trust, Murray Cohen-Bruce Frank Trust, Barbara Cohen-Larry Frank Trust, Murray Cohen-Larry Frank Trust, B.F. Trust, C.H. Trust, Ryann Haltman Trust, Samantha Haltman Trust, 124 New York Avenue Corp., 140 Maggie Drive Corp., 22 Bridge Lane Corp., 22 West Hills Court Corp., 29 Mill Farm Lane Corp., 207 Parrish Pond Court West Corp., 3 Lewis Lane Corp., Begonia Court Corp., Bittersweet Partners Inc., Eden Rock Corp., Maplewood Associates, Inc., Short Path House Corp., Sound Side Ventures, Ltd., and Via Trenta Corp.)

               **Mark Friedman (by telephone)** (Arnold Frank, Sondra Frank and Arnold and Sondra Frank Irrevocable Trust)

               **Norma E. Ortiz** (Larry Frank) **(by telephone)**

               **Bonnie Pollack**  Bruce Frank, Kathleen Frank, B.F. E.F., J.F., K.F., E.F. Trust, J.F. Trust, K.F. Trust

FTR:    2:09-3:00

THE FOLLOWING RULINGS WERE MADE:

1.  The Court scheduled this conference to address the pending discovery motions *(see* DE 59, 60, and 71) and an amended scheduling order. With respect to the outstanding motions, the Court held as follows:

    **Haltman Defendants' Motion to Vacate [DE 59]**: The Court modified its August 6, 2014 Order [DE 81] to the following extent: the parties are to meet and confer regarding the prospect of entering into a cost-sharing agreement to access the Exeter Computer review database currently within the custody of Plaintiff's counsel. Then, within ten (10) days of this Order, the Haltman/Frank Defendants are to report back regarding their respective positions. Once the Court has received this response, the Court will issue amended deadlines for the Haltman/Frank Defendants to comply with the discovery obligations set forth in the Court's August 6, 2014 Order.

In addition, the Court set a deadline for any spoliation motion Plaintiff claims arises from Linda Haltman's alleged failure to preserve relevant evidence in the Exeter Computer. Plaintiff's moving papers must be served and filed by January 23, 2015. Defendants' opposition papers must be served and filed by February 25, 2015, and Plaintiff's reply, if any, is to be served and filed no later than March 6, 2015.

Plaintiff's counsel explained that spoliation of evidence is ongoing in this matter. Counsel asked that plaintiff's right to bring a further spoliation motion if necessary in the future be preserved and the Court granted that application.

Accordingly, the motion to vacate [DE 59] was GRANTED, in part, and DENIED, in part.

**Plaintiff's Motion for Civil Contempt [DE 60]**: Linda Haltman is precluded from physically appearing at future depositions. However, she may appear telephonically but not not speak and may not disrupt the proceedings, particularly since she is represented by counsel.

Further, given Ms. Haltman's utter non-compliance with this Court's prior Orders, the Court is imposing a sanction of $2,500 upon defendant Linda Haltman. The sanction is to be paid to Plaintiff's counsel within fifteen (15) days of this Order.

**Haltman Defendants' Motion to Preclude [DE 71]**: In the absence of any response from Plaintiff's counsel, the Court is not in a position to adjudicate this motion. The Haltman Defendants confirmed that they intend to rest on their three-page letter motion, rather than re-briefing the motion on notice. The Court grants Plaintiff leave to file letter opposition, not to exceed three pages, by January 5, 2014.

Thus, the Court DEFERS ruling on the Haltman Defendants' Motion to Preclude [DE 71] at this time.

2. The Court will set the Amended Final Scheduling Order once the Defendants have notified the Court on how they wish to proceed with regard to the computer database issue.

3. Finally, the Haltman Defendants' counsel pointed out that previous efforts to schedule the depositions of the Haltman Defendants' adult children have failed. In particular, one child permanently resides in Colorado and periodically returns to New York. This witness was previously offered to plaintiff's counsel for deposition while she was in New York, albeit on short notice. The Court will not compel this witness to physically return to New York for her deposition. Counsel for the Plaintiff and the Haltman Defendants should attempt to schedule the deposition at a time when the witness is coming to New York if that is possible. If not, Plaintiff's counsel can proceed with her deposition via telephone or video conference.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge