

230 Park Avenue
New York, NY 10169-0075
otterbourg.com
212 661 9100

**Melanie L. Cyganowski**
Member of the Firm
mcyganowski@otterbourg.com
(212) 905-3677

March 4, 2015

VIA ECF

Magistrate Judge A. Kathleen Tomlinson
United States District Court - EDNY
814 Federal Plaza
Central Islip, New York 11722

Re: Official Committee of Unsecured Creditors of Exeter Holding, Ltd. v. Linda Haltman, et al., Case No. 13-cv-05475-JS-AKT

Dear Judge Tomlinson:

    I write to you as the mediator in the above-captioned adversary proceeding. I am seeking an order of the Court, substantially in the form attached as Exhibit A, directing the payment of the Mediator's fees and expenses owed by (i) Defendants Arnold Frank, Sondra Frank, and the Arnold and Sondra Frank Irrevocable Trust (the "**Arnold and Sondra Defendants**") and (ii) the remaining Defendants that were parties to the mediation,[1] which include Linda Haltman, Michael Haltman, Bruce Frank, Kathleen Frank and the family trusts for which they are executors (the "**LMBK Defendants**" and, together with the Arnold and Sondra Defendants, the "**Mediating Defendants**").

    On April 17, 2014, counsel for the Plaintiff wrote to the Court advising the Court that the Plaintiff and the Mediating Defendants (collectively, the "**Mediating Parties**") had agreed to mediate the claims in the action [Dkt. No. 40]. Plaintiff's counsel further advised the Court that the Mediating Parties had agreed to engage me as mediator, subject to my firm clearing conflicts. Subsequently, on or about May 1, 2014, the parties signed an engagement letter retaining me as Mediator (the "**Engagement Letter**"), a copy of which is annexed hereto as Exhibit B. Pursuant to the Engagement Letter, the parties agreed that my fees and expenses as mediator, including the fees of the other professionals in my firm assisting me with the mediation, shall be divided and borne equally by the parties.[2] The Engagement Letter provided that all fees and expenses were immediately due upon presentment, regardless of the outcome of the mediation process.

---

[1] Larry Frank was not a party to the mediation.

[2] In subsequent e-mail correspondence concerning how the fees would be split among the Plaintiff and the two independently represented Defendant groups, Plaintiff's counsel suggested that it should be left to the Mediator to decide if fees should be split into equal thirds or if Plaintiff should pay one-half and all of the Defendants the remaining half. None of the other parties objected to leaving it to the discretion of the Mediator. In her discretion, the Mediator determined that the Plaintiff, the Arnold and Sondra Defendants and the LMBK Defendants should each pay one-third of the Mediator's fees and expenses.

3600765.1



March 4, 2015
Magistrate Judge A. Kathleen Tomlinson
Page 2

  The Mediating Parties participated in a full-day mediation session at the Mediator's offices on May 27, 2014 and a follow-up mediation session on June 10, 2014 at Plaintiff's offices. Additional telephonic conferences occurred thereafter. The mediation did not result in a settlement and, on June 25 2014, pursuant to the Court's June 16, 2014 Civil Conference Minute Order [Dkt. No. 44], Plaintiff's counsel wrote to the Court advising it that mediation had failed and that discovery deadlines should be reinstated. *See* Plaintiff's June 25, 2014 letter [Docket No. 48].

  On September 29, 2014, I sent a bill to the parties for the services provided by me as mediator from the beginning of the engagement through August 31, 2014,[3] in the total amount of $53,541.69, which included $51,958.00 in fees and $1,583.69 in expenses. Notwithstanding the parties' agreement to pay my fees in full, I voluntarily reduced the amount of the fees by ten (10%) percent, contingent upon each party promptly paying its share of the bill. Based on an apportionment of the bill in three parts, this resulted in the Plaintiff, the Arnold and Sondra Defendants, and the LMBK Defendants each being responsible for $16,115.30. I reserved the right to seek to collect the full amount of each party's share of the bill if not paid promptly. A copy of the bill is annexed hereto as <u>Exhibit C</u>.

  The Plaintiff has paid its share of $16,115.30 and the LMBK Defendants paid $8,000 of its share. However, despite multiple attempts to collect payment over the past several months, the Arnold and Sondra Defendants have failed to pay any of their share of the bill, and the LMBK Defendants have failed to pay the remaining amount due on their share of the bill. In view of the Mediating Defendants' failure to promptly pay their respective shares of the bill, I am seeking the full amount due. The Arnold and Sondra Defendants, therefore, owe $17,847.23 on the outstanding bill and the LMBK Defendants owe $9,847.23 on the outstanding bill.

  By signing the Engagement Letter, the parties agreed to compensate me for my services and those of the professionals at my firm assisting me at the rates described therein. The parties also agreed that that the fees and expenses would be paid regardless of the outcome of the mediation. *See* Engagement Letter at ¶ 5. I provided valuable services to the parties and am entitled to compensation for such services as agreed by the parties. Over the past several months, my firm and I have contacted counsel representing the Mediating Defendants during the mediation, diligently attempting to collect the Mediating Defendants' unpaid share of fees and expenses. These efforts, however, have been unsuccessful.

  Accordingly, I request that the Court enter an Order directing (i) the Arnold and Sondra Defendants to pay their share of the mediation fees and expenses in the amount of $17,847.23 plus an amount not to exceed $2,000 for the reasonable fees and expenses incurred in preparing

---

[3] The last fee entry was actually recorded in June, as I did not bill for services that were rendered subsequent to the in-person mediation sessions.

3600765.1



March 4, 2015
Magistrate Judge A. Kathleen Tomlinson
Page 3

and prosecuting this Motion; and (ii) the LMBK Defendants to pay their remaining share of the mediation fees and expenses in the amount of $9,847.23 plus an amount not to exceed $2,000 for the reasonable fees and expenses incurred in preparing and prosecuting this Motion.

    Very truly yours,

    */s/ Melanie L. Cyganowski*

    Melanie L. Cyganowski

Attachments
cc:    Gary Herbst, Esq. (via e-mail)
      John D. Roesser, Esq. (via e-mail)
      Marc Weingard, Esq. (via e-mail)
      Mark Friedman, Esq. (via e-mail)
      Bonnie Pollack, Esq. (via e-mail)