# EXHIBIT B

## Engagement Letter



230 Park Avenue
New York, NY 10169-0075
otterbourg.com
212 661 9100

Melanie L. Cyganowski
Member of the Firm
mcyganowski@otterbourg.com
212 905 3677

May 1, 2014

Gary Herbst, Esq.
LAMONICA HERBST & MANISCALCO, LLP
3305 Jerusalem Avenue, Suite 201
Wantagh, NY 11792

Marc Weingard, Esq.
WEINBERG, GROSS & PERGAMENT LLP
400 Garden City Plaza, Suite 403
Garden City, New York 11530

Mark Friedman, Esq.
THE LAW OFFICES OF MARK J. FRIEDMAN P.C.
66 Split Rock Road
Syosset, New York 11791

Re: *In re Exeter Holding, Ltd.*, Case No. 1-77954 (AST), Bankr. E.D.N.Y.; *Official Committee of Unsecured Creditors of Exeter Holding, Ltd. v. Linda Haltman, et al.*, Case No. 13-cv-05475 – JS-AKT, E.D.N.Y.

Dear Gentlemen:

This letter (the "Engagement Letter"), when executed, confirms our understanding that I will provide mediation services as set forth below:

1. I will provide services as a neutral party to assist in resolving certain claims by and between (i) the plan administrator for the confirmed plan of Exeter Holding, Ltd. (the "Plan Administrator"), and (ii) the defendants (other than Larry Frank) in the above-referenced adversary proceeding (the "Defendants"). The parties have consented to my appointment as mediator (the "Mediator"). The parties agree that as Mediator, I am not acting as an attorney or providing legal advice on behalf of any party and I am not liable for any act or omission in connection with the mediation.

2. Mediation is a voluntary, non-binding process. I will be guided by the mediation rules set forth in Local Civil Rule 83.8 of the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York. The parties agree to participate in good faith in the entire mediation process, but any party may terminate its participation for any reason by written notification to me and the other parties. Nonetheless, notwithstanding such termination, each party shall remain responsible for paying its share of my compensation as

Mediator (including fees and expenses) up to and including the point of withdrawal from the mediation, whether the same has been billed or not.

3. The mediation session(s) will be attended by the parties, and/or their respective representatives (including counsel), *provided, however*, such representatives must have full settlement authority.

4. I may meet and/or communicate separately with each party both before and during (and, if necessary, after) a mediation session. Such private meetings or communications may be beneficial in ensuring that all necessary issues are addressed productively in facilitating a resolution. Any oral or written communication between the Mediator and one party will be kept confidential from the other party to the extent requested. Absent a specific request by the disclosing party, the Mediator is authorized to convey such communications to other parties to the extent that the Mediator believes it may be helpful in moving toward resolution of the dispute.

5. The parties agree, regardless of the outcome of the mediation, to pay the actual recorded time of and disbursements incurred by the Mediator and any associate or paraprofessional who assists her. The Mediator's current hourly rate is $895 per hour and the current hourly rate of Jennifer Feeney, Of Counsel, who may assist her in connection with the mediation, is $645 per hour. The billing rates are, however, subject to change annually from time to time. The parties further agree that the fees and costs of the mediation may include the time required by the Mediator to prepare for mediation, together with out of pocket expenses (which includes, solely as examples, non-local telephone calls, facsimile and other telecommunication charges, photocopies, delivery and messenger services, computerized expenses, secretarial overtime and filing charges, if needed), all of which are immediately due and payable regardless of the outcome of the mediation process, upon presentation on a periodic basis of a bill for services rendered to you.

6. The parties agree that, unless otherwise agreed by the parties, the Mediator's fees and expenses (including the fees of other professionals at the Otterbourg firm) shall be divided and borne equally by the parties.

7. The entire mediation process is a settlement negotiation. All offers, promises, conduct and statements, whether oral or written, made in the course of the mediation by any of the parties, their agents, employees, experts and attorneys, and by me as Mediator, and any of my agents, employees, experts and attorneys, and by anyone who may serve as the parties' joint agent(s), employee(s), expert(s) and attorney(s), are confidential. Such offers, promises, conduct, and statements will not be disclosed to third parties and are privileged and inadmissible for any purpose, including impeachment under Rules of Evidence and any applicable federal or state statute, rule or common law provisions. However, evidence that is


otherwise admissible or discoverable shall not be rendered inadmissible or not discoverable as a result of its use in the mediation.

8. The parties agree that I, as the Mediator, will be disqualified as a witness or as an expert in any pending or subsequent proceeding relating to the dispute which is the subject of the mediation. The parties agree to defend me in my capacity as Mediator from any subpoenas from outside parties arising out of this Engagement Letter or mediation. The parties agree that the Mediator is not a necessary party in any administrative, arbitral or judicial proceedings relating to the mediation or to the subject matter of the mediation.

9. I hereby confirm to you that I have not had any dealing with any of the parties in connection with the disputes which form the basis of this mediation and further, that I have no conflict with respect to the parties or the issues presented by the mediation.

10. This Engagement Letter may be signed in two or more counterparts, each of which shall be deemed an original and all of which together shall be considered one and the same instrument. Moreover, this Engagement Letter may be executed by the exchange of facsimile signatures, which shall be deemed original signatures, or confirmation of the same by email.

Please sign one counterpart of this Engagement Letter and return to me. If you have any questions, please do not hesitate to contact me.

Sincerely yours,

Melanie L. Cyganowski

[Signatures on Following Page]

Otterbourg P.C.

<May 1, 2014>
Page 4

**AGREED AND ACCEPTED:**

Dated: Wantagh, New York
May 1, 2014

LAMONICA HERBST & MANISCALCO, LLP

By: ______________________________
Gary Herbst
3305 Jerusalem Avenue, Suite 201
Wantagh, NY 11792

*Plan Administrator*

Dated: Garden City, New York
May __, 2014

WEINBERG, GROSS & PERGAMENT LLP

By: ______________________________
Marc Weingard
400 Garden City Plaza, Suite 403
Garden City, New York 11530

*Counsel to Defendants Other Than Arnold Frank, Sondra Frank and the Arnold and Sondra Frank Irrevocable Trust*

Dated: Syosset, New York
May __, 2014

THE LAW OFFICES OF MARK J. FRIEDMAN P.C.

By: ______________________________
Mark Friedman
66 Split Rock Road
Syosset, New York 11791

*Counsel to Defendants Arnold Frank, Sondra Frank and the Arnold and Sondra Frank Irrevocable Trust*



**AGREED AND ACCEPTED:**

Dated: Wantagh, New York
May __, 2014

LAMONICA HERBST & MANISCALCO, LLP

By: ______________________________
Gary Herbst
3305 Jerusalem Avenue, Suite 201
Wantagh, NY 11792

*Plan Administrator*

Dated: Garden City, New York
May 1, 2014

WEINBERG, GROSS & PERGAMENT LLP

By: ______________________________
Marc Weingard
400 Garden City Plaza, Suite 403
Garden City, New York 11530

*Counsel to Defendants Other Than Arnold Frank, Sondra Frank and the Arnold and Sondra Frank Irrevocable Trust*

Dated: Syosset, New York
May __, 2014

THE LAW OFFICES OF MARK J. FRIEDMAN P.C.

By: ______________________________
Mark Friedman
66 Split Rock Road
Syosset, New York 11791

*Counsel to Defendants Arnold Frank, Sondra Frank and the Arnold and Sondra Frank Irrevocable Trust*



**AGREED AND ACCEPTED:**

Dated: Wantagh, New York
May __, 2014

LAMONICA HERBST & MANISCALCO, LLP

By: ______________________________
Gary Herbst
3305 Jerusalem Avenue, Suite 201
Wantagh, NY 11792

*Plan Administrator*

Dated: Garden City, New York
May __, 2014

WEINBERG, GROSS & PERGAMENT LLP

By: ______________________________
Marc Weingard
400 Garden City Plaza, Suite 403
Garden City, New York 11530

*Counsel to Defendants Other Than Arnold Frank, Sondra Frank and the Arnold and Sondra Frank Irrevocable Trust*

Dated: Syosset, New York
May 1, 2014

THE LAW OFFICES OF MARK J. FRIEDMAN P.C.

By: ______________________________
Mark Friedman
66 Split Rock Road
Syosset, New York 11791

*Counsel to Defendants Arnold Frank, Sondra Frank and the Arnold and Sondra Frank Irrevocable Trust*