# ARNOLD & PORTER LLP

**John D. Roesser**
John.Roesser@aporter.com

+1 212.715.1344
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

April 22, 2015

**Via ECF & Facsimile**

Magistrate Judge A. Kathleen Tomlinson
United States District Court - EDNY
814 Federal Plaza
Central Islip, New York 11722

   Re: *Official Committee of Unsecured Creditors of Exeter Holding, Ltd. v. Linda Haltman, et al.*, Case. No. 13-cv-05475-JS-AKT

Dear Judge Tomlinson:

  The firm is special litigation counsel for Plaintiff Gary Herbst ("Plaintiff" or "Plan Administrator"), in his capacity as plan administrator for the confirmed plan of Exeter Holding, Ltd. ("Exeter"), in the above-referenced proceeding. Pursuant to Rule I.D of Your Honor's Individual Practice Rules, Plaintiff respectfully requests: (1) a fourteen (14) day extension to the briefing schedule for Plaintiff's Motion for Sanctions and Other Relief against Arnold Frank, Sondra Frank, Linda Haltman, Michael Haltman, Bruce Frank and Larry Frank, filed on February 3, 2015 (*see* Dkt. Nos. 92-95; the "Sanctions Motion"), as set by Judge Seybert;[1] and (2) permission to increase the page limit applicable to his Sanctions Motion reply brief by 15 pages, for a total limit of 25 pages.

**Request for Extension of Time**

  Linda and Michael Haltman submitted their opposition to the Sanctions Motion on March 9, 2015. Bruce Frank and Larry Frank served their oppositions on April 9, 2015. No

---

[1]  At a conference on March 10, 2015, Judge Seybert ordered that Plaintiff submit a single reply to all oppositions, which must be served and filed by this Friday, April 24, 2015. Prior to the March 10 conference, all Defendants' oppositions were due March 9, 2015. However, due to pending motions to withdraw as counsel by Bonnie Pollack (representing Bruce and Kathleen Frank) and Mark Friedman (representing Arnold and Sondra Frank, together with Bruce and Kathleen Frank, the "*Pro Se* Defendants"), those defendants were temporarily relieved from the deadline. Judge Seybert set a new briefing schedule with a deadline of April 9, 2015 for service of oppositions by the *Pro Se* Defendants, and a reply deadline for Plaintiff of April 24, 2015.

**ARNOLD & PORTER LLP**

Magistrate Judge A. Kathleen Tomlinson
April 22, 2015
Page 2

opposition has been received from either Arnold or Sondra Frank, although it appears Arnold Frank made a request to the *pro se* office for a two week extension to the opposition deadline that was rejected due to improper service. Plaintiff has not been served with any subsequent request for extension as of the date of this letter.

Plaintiff and his counsel have been working diligently on replying to the oppositions to the Sanctions Motion; however, Plaintiff's counsel has been unable to take the deposition of the Haltmans' testifying technical expert, Mr. Weinstein, and unable to take the deposition of Michael Lee, an individual identified by Mrs. Haltman in her affidavit in opposition to the Sanctions Motion as having relevant knowledge to this motion, despite service of subpoenas to which no objections were received.

Plaintiff has made diligent efforts to timely depose Messrs. Weinstein and Lee. Plaintiff's counsel made it clear to Mr. Weingard as early as mid-February that Plaintiff intended to depose the Haltmans' technical experts. After the Haltmans served their opposition on March 9, Plaintiff renewed his request to depose Mr. Weinstein and sought to depose Mr. Lee. Mr. Weingard refused to produce Mr. Weinstein and stated his intent to object to any subpoenas served. More than three weeks were spent trying to get contact information and serve subpoenas, but to no avail.

On April 1, 2015, Mr. Weingard provided authorization to accept service on Mr. Weinstein's behalf, and he was promptly served with a subpoena noticing Mr. Weinstein's deposition for April 14, 2015. On April 10, 2015, Mr. Weingard requested a brief extension due to a scheduling conflict. We offered to reschedule to Wednesday, April 15, 2015 on account of the tight briefing schedules, but were told on April 13 that Mr. Weinstein was presently unavailable due to medical issues. Mr. Weingard offered April 22, 2015 as a tentative date to reschedule, but we learned on April 21 that Mr. Weinstein's medical condition was serious and would preclude him from testifying for another two weeks. We have now tentatively rescheduled Mr. Weinstein's deposition for May 6, 2015.

We have had similar difficulties scheduling the deposition of Mr. Lee. Mr. Lee's deposition was originally noticed for April 14, 2015 (afternoon session). Service of the subpoena was accepted by Mr. Weingard, and no objections were received.[2] When Mr. Weingard asked to adjourn Mr. Weinstein's deposition, we asked if he could reach out to Mr. Lee so that we could keep both depositions on the same day, April 15. On April 13, after we learned that Mr. Weinstein would not be able to attend his April 15 deposition, Mr. Weingard

---

[2] Although Mr. Weingard was authorized to accept service on behalf of Mr. Lee, neither he nor his firm represent Mr. Lee in connection with this deposition.

**ARNOLD & PORTER LLP**

Magistrate Judge A. Kathleen Tomlinson
April 22, 2015
Page 3

informed us that Mr. Lee was still available on April 15, or he could postpone until April 22 if we still wanted to take both on the same day. Mr. Lee then called an associate of this firm, Michael Igyarto, and confirmed that he would attend his deposition as rescheduled on April 15. However, on the morning of April 15, Mr. Lee called Mr. Igyarto again and informed him that he was no longer available for his deposition and would need to reschedule. We have been unable to reach Mr. Lee since April 15.

Both of the subpoenas were properly served, no objections were raised, and for reasons beyond Plaintiff's control, the scheduling of the depositions has not held.

**Request for Page Limit Extension**

The issues raised in the Sanctions Motion are both extensive and serious. As Judge Seybert ordered the filing of a unified reply brief, responding to all the oppositions filed (to date, three), including factual and expert affidavits, Plaintiff respectfully requests permission to increase the page limit applicable to the reply by 15 pages, for a total limit of 25 pages.

**Good Faith Efforts to Meet and Confer**

Plaintiff previously made a request for a one week extension of the due date for his moving papers in support of the Sanctions Motion on January 21, 2015, which the Court granted. This is Plaintiff's first request both for an extension of the reply deadline set by the Court on March 10, 2015 and for additional pages, and it is made with the consent of counsel for the Haltman Defendants. Plaintiff's requests for consent to an extension and for additional pages from the other opposing counsel of record and the *Pro Se* Defendants have gone unanswered, so, while no opposition has been received, Plaintiff cannot represent that this request is made on consent.

Based on the foregoing, Plaintiff respectfully requests that the Court order a revised schedule for the Sanctions Motion, extending Plaintiff's time to reply until May 8, 2015, and that the Court allow Plaintiff up to 25 pages for his reply.

Thank you for your consideration.

Respectfully submitted,

/s John D. Roesser

John D. Roesser

# ARNOLD & PORTER LLP

Magistrate Judge A. Kathleen Tomlinson
April 22, 2015
Page 4

cc: Counsel of record (via ECF)

Kathleen Frank (via overnight mail)
10295 Dowling Court
Highlands Ranch, Colorado 80126-4768

Bruce Frank (via electronic mail)
frank32@me.com

Arnold Frank (via overnight mail)
10873 Northgreen Drive
Lake Worth, Florida 33449

Sondra Frank (via overnight mail)
10873 Northgreen Drive
Lake Worth, Florida 33449