UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
Official Committee of Unsecured Creditors                    Case No. 13-cv-05475-JS-ASK
of Exeter Holding, Ltd.

            Plaintiff,                                **Affidavit in Opposition**

    -against-

Linda Haltman, *et al*,

            Defendants.
--------------------------------------------------------X

STATE OF NEW YORK  )
                )ss:
COUNTY OF NASSAU  )

      Michael Haltman, being duly sworn, deposes and says:

      1.    I am a Defendant herein and am fully familiar with the facts and circumstances set forth in this affidavit.

      2.    I present this affidavit in opposition to Plaintiff's motion for an order, *inter alia*, finding that I engaged in spoliation by destroying evidence.

      3.    Plaintiff does not allege that I knew about, was involved in or assisted with the alleged destruction and alteration of computer files described in the motion. Plaintiff also does not allege that I had any supervisory role with respect to the manner in which Exeter kept/maintained/preserved records. That is because I had no such role. In fact, other than on extremely rare occasions when, in my wife's absence, I may have searched for information in Exeter's computer to answer a question posed by a caller, I **never used** Exeter's computer. At no time did I ever enter information into Exeter's computer or delete information from that computer. Also, I never accessed Exeter's QuickBooks.

4.     Plaintiff seeks a default judgment against me because he claims that I was an officer and director of Exeter, and that, as such, I am personally responsible for any failure on the part of Exeter to preserve records.

5.     I am advised by counsel that Plaintiff's legal theory lacks merit.

6.     Regardless, I was never an officer or director of Exeter. I first became involved in Exeter in or about 2009, long after the loans at issue in this action were made. I was tasked with seeking to get Exeter out of "problem properties," including Parrish Pond, Short Path, Fairmont and Mill Farm. I worked in that limited role until Exeter's bankruptcy filing in 2012. I did not supervise any Exeter employees. No Exeter employees reported to me.

7.     To the extent that I engaged in any discussions or circulated any email regarding matters other than the problem properties, I did that not as an officer or director of Exeter, but as an employee of Exeter who was also happened to be the husband of Exeter's President.

8.     The best evidence of my role at Exeter is Exeter's corporate books and records, including the Minutes of the Annual Joint Meetings of the Stockholders and Directors of Exeter held from 2002 to 2010 (Ex. P), and the documents filed by Exeter with the New York State Banking Department. (Ex. Q.) I am not identified in any of the Minutes or the records filed with Banking Department as an officer or director of Exeter. That is because I was never an officer or director of Exeter.

9.     On certain occasions, I may have referred to myself informally as a vice president to third parties, and I have seen emails in which Bruce Frank, my brother-in-law, referred to me informally as a vice president. However, the fact that I referred to myself as a vice president was nothing more than a marketing tool aimed at maximizing my ability to assist Exeter in my role of seeking to salvage problem properties. It did not denote an actual managerial position within the

2

company or signify any degree of corporate authority or responsibility.  In that regard, I had no control over any aspect of Exeter's decision-making and was not an authorized signatory on any of Exeter's bank accounts.  All decisions with respect to the distressed properties were made by Arnold Frank.  I was an employee with a limited role that I performed to the best of my ability.

        10.     During discovery in this action, I produced more than 500 pages of documents in response to Plaintiff's document requests.  Most of the documents are emails regarding the distressed properties that I sent or received from 2009 to 2012.  My wife was copied on most of the emails.  These documents evidence that my role in Exeter was limited to seeking to salvage the distressed properties (*see* Exs. W and X), and they further establish that to the extent that I generated or received any documents in the course of performing work for Exeter, the documents were preserved.  Plaintiff has not alleged that I did not preserve or maintain any documents that related to the work that I performed for Exeter.  (Ex. 30, pp. 21-2.)

        11.     Based on the foregoing, the motion should be denied in its entirety.

Michael Haltman

Sworn to before me this
_____ day of March, 2015.

NOTARY PUBLIC

MARC J. WEINGARD
Notary Public, State of New York
No. 02WE6006430
Qualified in Suffolk County
Commission Expires January 24, 20 18

3