Exhibit Y

# Weinberg, Gross & Pergament LLP

## ATTORNEYS AT LAW

Suite 403
400 Garden City Plaza
Garden City, New York 11530

Marc J. Weingard
*Partner*

Telephone: (516) 877-2424 Ext. 233
Facsimile: (516) 877-2460
Email: mweingard@wgplaw.com

October 22, 2013

Via E-Mail - John.Roesser@alston.com
John D. Roesser, Esq.
Alston & Bird LLP
90 Park Avenue
New York, New York 10016

Re: Official Committee of Unsecured Creditors
of Exeter Holding, Ltd. v. Linda Haltman,
et. al.,
Case No. 13-cv-05475-JS-AKT

Dear John:

I am writing in response to your letter to Magistrate Judge Tomlinson dated October 16, 2013. For the reasons previously expressed to Judge Trust by the Debtor's former counsel and for the additional reasons stated in my prior emails and our telephone conversations, Ms. Haltman disputes your allegation that she failed to preserve evidence and that information was deleted from the "Hard Drive." Nothing you allege undermines the fact that Ms. Haltman did not delete emails or financial information from the Hard Drive.

Notwithstanding the foregoing, to alleviate the tremendous expense that the Committee is forcing Ms. Haltman to endure in defense of her position, we are prepared to withdraw our objection, subject to the conditions set forth below, to: (a) the Plan Administrator turning over the "Hard Drive" to counsel for the Committee; and (b) the computer consultant turning over a copy of the "Imaged Drive" to counsel for the Committee.

By email dated September 18, 2013, you stated that the Committee's purpose in seeking the Hard Drive and the Imaged Drive was to look at emails, documents and pdf's that "relate to issues raised in this litigation." You further reaffirmed the Committee's willingness to enter into a confidentiality agreement containing "attorneys eyes only" provisions to protect against disclosure of information on the Hard Drive and Imaged Drive that does not relate to the issues involved in this litigation, including Ms. Haltman's personal information. As a condition to allowing the Committee to obtain access to the Hard Drive and the Imaged Drive, Ms. Haltman requires the Committee's representation that it will use its best efforts to limit its review

John D. Roesser, Esq.
Alston & Bird LLP
October 22, 2013
Page 2

of the Hard Drive and the Imaged Drive to information related to the issues involved in this litigation. Ms. Haltman further requires a confidentiality agreement that addresses the concerns she has expressed with respect to members of the Committed becoming privy to her personal information.

If this proposal to resolve the issues raised in your letter dated October 16, 2013, meets with your approval, please circulate a proposed confidentiality stipulation. If not, please advise so that I can prepare a letter to Magistrate Judge Tomlinson in response to your letter.

Please contact me if you wish to discuss this matter.

Very truly yours,

Marc J. Weingard

MJW:mi

cc: Via Email mfriedman@friedmanpc.com
Mark Friedman, Esq.

Via Email email@ortizandortiz.com
Norma E. Ortiz, Esq.