Exhibit Z

# Weinberg, Gross & Pergament LLP

### ATTORNEYS AT LAW

Suite 403
400 Garden City Plaza
Garden City, New York 11530

Marc J. Weingard
*Partner*

Telephone: (516) 877-2424 Ext. 233
Facsimile: (516) 877-2460
Email: mweingard@wgplaw.com

August 1, 2013

Via E-Mail - louis.russo@alston.com
and First Class Mail

Louis A. Russo, Esq.
Alston & Bird LLP
90 Park Avenue
New York, New York 10016

Re: Exeter Holding, Ltd.
Case No. 811-77954-735
Exeter Holding, Ltd. and The Official
Committee of Unsecured Creditors of Exeter
Holding, Ltd. v. Linda Haltman, et. al.,
Adv. Pro. No. 812-08401-735

Dear Lou:

I am writing in an attempt to streamline the process by which we must respond to the Committee's First Set of Requests for Production of Documents ("Requests") directed to Linda Haltman and the other Defendants represented by my firm ("Defendants").

First, I am advised that Linda Haltman previously turned over to the Committee, via Mr. Kohn, every document in her possession relating to Exeter and the Property Corporations, including financial statements and bank statements. In addition, all existing Exeter files were turned over by Debtor's counsel to Gary Herbst, including the hard drive to Linda Haltman's computer containing Exeter's quickbooks. In addition, I understand that the tax returns for the Haltmans, the Property Corporations and the Trust Defendants have been provided to the Committee.

Notwithstanding the universe of documents already in the possession of the Committee, the Requests are extremely broad and, in most instances, seek documents dating back 20+ years. It would appear that everyone's time would be better served by focusing on the production of documents that the Committee does not already have and a time frame that corresponds to the allegations in the Complaint.

Louis A. Russo, Esq.
Alston & Bird LLP
August 1, 2013
Page 2

Putting the foregoing aside, you have served Requests on each of the children of the Haltmans as well as Bruce and Linda Frank. I am requesting that you withdraw the Requests directed to the children, including the minor children, as unnecessary given that the children's parents are parties to this action.

You have served duplicative requests on all of the Trust Defendants and the Trustees of those trusts. I am requesting that you withdraw the Requests directed to the Trusts.

As noted above, only a handful of the Requests seek documents during the "Relevant Time Period," which is defined as January 1, 2006 to the present. Please set forth the basis for your belief that documents such as bank statements and tax documents from prior to January 1, 2006 are relevant to this adversary proceeding, especially given that the Committee has already been provided with documents reflecting any monies received by the Defendants from Exeter.

Based on the foregoing, and without waiving any objections to specific Requests, I am hoping that we can engage in a dialogue to limit the burdensome nature of the Requests and focus on documents that the Defendants may possess that have not already been provided to the Committee and that have some bearing on the allegations in the Complaint.

Very truly yours,

Marc J. Weingard

MJW:mi
cc: Via Email mfriedman@friedmanpc.com
Mark Friedman, Esq.

Via Email email@ortizandortiz.com
Norma E. Ortiz, Esq.
Ortiz & Ortiz, L.L.P.

Via Email GFH@lhmlawfirm.com
Gary F. Herbst, Esq.