UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:

EXETER HOLDING, LTD.,

Debtor.

---------------------------------------------------------------x

OFFICIAL COMMITTEE OF UNSECURED CREDITORS,

-against-

LINDA HALTMAN, et al,

Plaintiff,

Defendants.

---------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 27 2015 ★

LONG ISLAND OFFICE

Case No.: 13-cv-05475-JS-AKT

Rule 11 Motion, by Sondra Frank pro se

According to the Rule 11(b):

**Representations to the Court. By presenting to the court a pleading, written motion, or other paper**—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

(1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

(3) On the Court's Initiative. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

(5) Limitations on Monetary Sanctions. The court must not impose a monetary sanction:

(A) against a represented party for violating Rule 11(b)(2); or

(B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(6) Requirements for an Order. An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

I, Sondra Frank, one of the defendants in the above-captioned action, declare under the penalty of perjury that the following is true and accurate:

1.   I am fully familiar with the facts and circumstances set forth in this declaration.

2. I make this motion in response to the Plaintiff's Motion for Sanctions and Other Relief (the "Motion").

3. The Motion alleges that I participated in the spoliation of evidence. I have never engaged in the management or oversight of the business operations or the books and records of Exeter. I was never aware of its day to day operations, and the extent of its assets and liabilities, plaintiff was aware of this fact before during and after numerous depositions were performed.

4. My husband Arnold Frank was the person primarily responsible for managing and operating the affairs of Exeter. As many individuals testified in their depositions I had no interaction with the company whatsoever!

5. I had no direct knowledge of the manner in which the records were preserved. I had no knowledge of Exeter's document retention policies and I did not have any authority to impose a litigation hold or preserve Exeter's documents, again plaintiff is fully aware of this.

6. I have never intentionally deleted any document regarding Exeter nor was I ever in the position to do so.

7. I have been wrongfully accused of engaging in the intentional spoliation of evidence for failing to preserve information. I categorically deny that charge. This accusation was made after several depositions were held whereby the plaintiff had ample time to discover this accusation was false. This motion for sanctions against me were presented for the sole purpose of harassment and needlessly increasing my cost of litigation; which by its very nature violates Rule 11(b)

8. The Plaintiff accuses all defendants of not cooperating with discovery in this case. I never had access to any documents of Exeter Holding and the plaintiff has known this for over a year but made the motion to sanction me anyway.

9. A default judgment or negative inference against me is not only wholly unwarranted, the plaintiff himself should be sanctioned for his actions.

I declare under the penalty of perjury that the foregoing is accurate and true.

Dated: , 2015

Wellington, Florida

Sondra Frank

*Sondra Frank*     *April 24 '15*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

                  Plaintiff(s),

     -against-

                  Defendant(s)

-------------------------------------------------------X

**AFFIRMATION OF SERVICE**

13-CV-5475( JS)(AKT)

I <u>SONDRA FRANK</u>, declare under penalty of perjury that I have served a copy of the attached <u>RESPONSE TO DOC. 22</u>

by US Mail to <u>CATHY-PRO SE OFFICE  EAST DISTRICT COURT OF NEW YORK 100 FEDERAL PLAZA, CENTRAL ISLIP, NY11722</u>

<u>AND BY EMAIL TO ATTORNEYS SHOWN BELOW</u>

mweingard@wgplaw.com
mpergament@wgplaw.com
bpollack@CullenandDykman.com
email@ortizandortiz.com
lgreen@oshr.com
frank32@me.com
John D. Roesser@aporter.com
ArnoldFrank6@aol.com

Dated: 4/21 , 2015
Central Islip, New York

_____
Signature