FILED
CLERK
3/22/2016 2:55 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF EXETER HOLDING, INC.,

               Plaintiff,     MEMORANDUM & ORDER
                                    13-CV-5475(JS)(AKT)
     -against-

LINDA HALTMAN, et al.,

               Defendants.
----------------------------------------X
SEYBERT, District Judge:

        Plaintiff, the Official Committee of Unsecured Creditors of Exeter Holding Ltd. ("Plaintiff") commenced this action against defendants Arnold Frank, Sondra Frank, Linda Haltman, Michael Haltman, Bruce Frank, Larry Frank, and various trusts listed in the Complaint ("Defendants"). Plaintiffs principally claim that Defendants defrauded Exeter's creditors by transferring funds from Exeter to themselves, certain trusts, and other entities. (Compl., Docket Entry 3-9, at 1-3.) Pending before the Court is mediator Melanie L. Cyganowski's (the "Mediator") letter motion seeking full payment of her fees and expenses (the "Fee Motion," Docket Entry 106) following unsuccessful mediation sessions, and Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R") recommending that the motion be granted in part and deferred in part. (Docket Entry 179.) For the reasons that follow, Judge Tomlinson's R&R is ADOPTED in its entirety.

BACKGROUND

On March 20, 2015, the Mediator filed a letter motion seeking full payment of her fees and expenses from (1) Defendants Arnold and Sondra Frank and the Arnold and Sondra Frank Irrevocable Trust (the "Arnold and Sondra Frank Defendants"), and (2) Defendants Linda Haltman, Michael Haltman, Bruce Frank, Kathleen Frank, and the family trusts for which they are executors (the "LMBK Defendants"). On April 7, 2015, the undersigned referred the Fee Motion to Judge Tomlinson for an R&R on whether the motion should be granted. (Docket Entry 125.)

Judge Tomlinson issued her R&R on February 10, 2016. (Docket Entry 179.) The R&R recommends that the Fee Motion be granted in part and deferred in part. (R&R at 19.) The R&R specifically recommends that the Court should order the Arnold and Sandra Frank Defendants and the LMBK Defendants to pay their outstanding shares of the Mediator's fees and expenses, which amount to $9,847.23 from the LMBK Defendants and $17,847.23 from the Arnold and Sondra Frank Defendants. (R&R at 19.) Further, the R&R recommends that the Court "exercise its inherent power to award the Mediator reasonable fees for time expended in the preparation of [the Fee Motion]," but defer ruling on the Mediator's request, pending the submission of records documenting the cost of prosecuting the motion. (R&R at 17, 19.)

After Judge Tomlinson issued her R&R, the Mediator filed a supplemental declaration attaching records documenting the amount of time she spent on her Fee Motion. (Cyganowski Decl., Docket Entry 181.) The records reflect that the Mediator spent $11,237 prosecuting her Fee Motion. (Cyganowski Decl. ¶ 4.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Tomlinson's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety. In addition, upon reviewing the Mediator's supplemental declaration, the Court finds that the Mediator's request for and additional $4,000 in costs for prosecuting her Fee Motion to be reasonable. Therefore, the LMBK Defendants and the Arnold and Sondra Frank Defendants

must each pay the Mediator $2,000.00 in addition to what they already owe.

## CONCLUSION

Judge Tomlinson's R&R (Docket Entry 179) is ADOPTED in its entirety. Within thirty (30) days of the date of this Order, the LMBK Defendants are HEREBY ORDERED to pay the Mediator $11,847.23 and the Arnold and Sondra Frank Defendants are HEREBY ORDERED to pay the Mediator $19,847.23. Failure to comply with the Court's Order may result in additional sanctions.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  22 , 2016
       Central Islip, New York