**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF EXETER HOLDINGS, LTD.

                    Plaintiffs,

    - against -                                   **ORDER**

                                           CV 13-5475 (JS) (AKT)

LINDA HALTMAN, INDIVIDUALLY, AS A TRUSTEE FOR THE ARNOLD AND SONDRA FRANK IRREVOCABLE TRUST, C. H. TRUST, RYANN HALTMAN TRUST, AND SAMANTHA HALTMAN TRUST, AND AS GUARDIAN OF MINOR C. H.; MICHAEL HALTMAN, INDIVIDUALLY, AS A TRUSTEE FOR THE C. H. TRUST, RYANN HALTMAN TRUST, AND SAMANTHA HALTMAN TRUST, AND AS GUARDIAN OF MINOR C. H.; BRUCE FRANK, INDIVIDUALLY, AS A TRUSTEE FOR THE ARNOLD AND SONDRA FRANK IRREVOCABLE TRUST, B. F. TRUST, E. F. TRUST, J. F. TRUST, AND K. F. TRUST, AND AS GUARDIAN OF MINORS B. F., E. F., J. F., AND K. F.; KATHLEEN FRANK, INDIVIDUALLY, AS A TRUSTEE FOR THE B. F. TRUST, E. F. TRUST, J. F. TRUST, AND K. F. TRUST, AND AS GUARDIAN OF MINORS B.F., E. F., J. F., AND K. F.; LARRY FRANK INDIVIDUALLY, AND AS A TRUSTEE FOR THE ARNOLD AND SONDRA FRANK IRREVOCABLE TRUST; ARNOLD FRANK; SONDRA FRANK, INDIVIDUALLY, AND AS A TRUSTEE FOR THE BARBARA COHEN-LINDA HALTMAN TRUST, MURRAY COHEN-LINDA HALTMAN TRUST, BARBARA COHEN-BRUCE FRANK TRUST, MURRAY COHEN-BRUCE FRANK TRUST, BARBARA COHEN-LARRY FRANK TRUST, MURRAY COHEN-LARRY FRANK TRUST, RYANN HALTMAN; SAMANTHA HALTMAN; C. H.; B. F.; E. F.; J. F.; K. F.; RUTH FRANK; ARNOLD AND SONDRA FRANK IRREVOCABLE TRUST;

BARBARA COHEN-LINDA HALTMAN TRUST; MURRAY COHEN-LINDA HALTMAN TRUST; BARBARA COHEN-BRUCE FRANK TRUST; MURRAY COHEN-BRUCE FRANK TRUST; BARBARA COHEN-LARRY FRANK TRUST; MURRAY COHEN-LARRY FRANK TRUST; B.F. TRUST; C.H. TRUST; E. F. TRUST; J. F. TRUST; K. F. TRUST; HANK FRANK TRUST; RUTH FRANK TRUST; TODD FRANK AND LESTER FRANK AS TRUSTEES FOR RUTH FRANK TRUST AND HANK FRANK TRUST; RYANN HALTMAN TRUST; SAMANTHA HALTMAN TRUST; 124 NEW YORK AVENUE CORP.; 140 MAGGIE DRIVE CORP.; 22 BRIDGE LANE CORP.; 22 WEST HILLS COURT CORP.; 29 MILL FARM LANE CORP.; 207 PARRISH POND COURT WEST CORP.; 3 LEWIS LANE CORP.; BEGONIA COURT CORP.; BITTERSWEET PARTNERS INC.; EDEN ROCK CORP.; MAPLEWOOD ASSOCIATES, INC.; SHORT PATH HOUSE CORP.; SOUND SIDE VENTURES, LTD.; VIA TRENTA CORP.; JOHN DOE(S) 1–100; AND ABC CORPORATION(S) 1–100,

Defendants.

-----------------------------------------------------------------X

A. KATHLEEN TOMLINSON, Magistrate Judge:

I. **BACKGROUND**[1]

Plaintiff initiated this litigation against various Defendants, including, Linda Haltman, Michael Haltman, Arnold Frank, Sondra Frank, Bruce Frank, Kathleen Frank, and Larry Frank both in their individual capacities as well as in their capacities as trustees of various trust entities. *See* Complaint ("Compl.") [DE 3-9].[2] The Complaint asserts a total of thirteen causes of action

---

[1] The Court has provided a detailed factual background in its Report and Recommendation addressing Plaintiff's Motion for Sanctions for spoliation, *see* DE 151. As such, the Court respectfully refers the reader to that Report and Recommendation for a more fully developed description of the background of this litigation.

including fraud, fraudulent transfers under the Bankruptcy Code, fraudulent conveyances under the New York Debtor and Creditor Law ("DCL"), avoidable preferential transfers, breach of fiduciary duties, aiding and abetting a breach of fiduciary duties, waste and corporate mismanagement, turnover and accounting, and unjust enrichment. The Plaintiff also seeks a declaratory judgment that Exeter was the alter ego of various corporations owned by the insiders, insiders who were also the alter ego of Exeter. *See generally* Compl. [DE 3]. The Complaint seeks to recover from Defendants, jointly and severally, at least $29 million, plus interest and costs, which were "willfully and inappropriately siphoned out of the Debtor." *Id*. ¶ 7. Many of these transfers were purportedly obtained via Defendants' "fraudulent and deceitful acts at the expense and to the detriment of the Debtor's estate." *Id*. The instant motion concerns only Plaintiff's request to re-open the deposition of Defendant Michael Haltman. *See* DE 110.

## II. RELEVANT PROCEDURAL HISTORY

On February 24, 2015, the Court held a hearing to address the parties' January 23, 2015 Joint Motion to Amend the Scheduling Order [DE 90] as well as other pending matters.[3] As part of its Order, the Court stated the following:

> The Court then turned to the Frank Defendants' January 23, 2015 letter notifying the Court about the outcome of the parties' meet-and-confer regarding the Exeter hard drive and cost sharing proposal [DE 89]. The Haltman/Frank Defendants explained that they have declined to enter into a cost-sharing agreement to review the Exeter hard drive, which remains in

---

[2] This action relates to the bankruptcy matter entitled *In re Exeter Holding, Ltd.*, Case No. 11-77954-AST (the "Bankruptcy Case"), under the Bankruptcy Code, filed in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). *Id*. ¶ 2. After Judge Seybert granted Plaintiff's motion to withdraw the reference of the adversary proceeding to the bankruptcy court, Plaintiff commenced this civil adversary proceeding in federal district court. *See* DE 2.

[3] Given the long and complex procedural history of this case, which has been set forth in detail in previous decisions, the Court will focus only on the procedural history relevant to the disposition of the instant motion. *See* DE 110.

3

the custody of Plaintiff's counsel, because Linda Haltman also possesses a copy of the hard drive. Having received access to the hard drive in Linda Haltman's possession, the Haltman/Frank Defendants reported that they have identified documents in the "prior production" relative to Plaintiff's "Request Numbers 4 and 8" in compliance with this Court's prior discovery Orders.

However, Plaintiff's counsel argues that the Haltman/Frank Defendants are in "complete noncompliance" with this Court's Orders, claiming that the hard drive the Defendants used was not identical to the original version currently in Plaintiff's custody. Plaintiff's counsel requests that the Court grant him permission to briefly (*i.e.*, 90 minutes) re-open Linda Haltman's deposition so that counsel may question Linda Haltman further about the hard drive. Counsel for Linda Haltman opposes the request.

The parties are directed to engage in a good faith meet-and-confer no later than February 27, 2015, pursuant to Local Civil Rule 37.3, regarding (1) outstanding document production issues and (2) the request to re-open Linda Haltman's deposition. Attorneys Friedman and Pollack (who both have requests to withdraw as counsel pending before Judge Seybert) are excused from participating in the meet-and-confer. However, Plaintiff must meet-and-confer with all other relevant parties. To the extent that the parties fail to reach agreement on these disputes, any aggrieved party may seek Court intervention but must do so no later than March 13, 2015.

*See* DE 104. Thereafter, on March 16, 2015,[4] Plaintiff filed the instant motion seeking to re-open the deposition of Michael Haltman. *See* DE 110. On March 18, 2015, Defendant Michael Haltman ("Defendant" or "Michael Haltman") filed a response in opposition to Plaintiff's motion. *See* DE 111. The Court now addresses the instant motion.

---

[4] Although it appears that Plaintiff's letter motion is untimely pursuant to the Court's February 24, 2015 Order which set a deadline of March 13, 2015 for either party to file a letter motion seeking Court intervention, Plaintiff initially filed his motion simply as a "letter," in violation of the Court's Individual Rules. *See* DE 108. Plaintiff then refiled the same document on March 16, 2015 as a proper "letter motion." *See* DE 110. As such, the Court treats Plaintiff's submission as timely filed as of the March 13, 2015 deadline date.

### III. MOTION TO RE-OPEN MICHAEL HALTMAN'S DEPOSITION

**A. The Parties' Contentions**

In his letter motion to this Court, Plaintiff asserts that the re-opening of the deposition of Michael Haltman is warranted based upon "new relevant information [that] has come to light . . . ." DE 110 at 2. Specifically, Plaintiff puts forth three specific sources of new information which he claims warrants re-opening Michael Haltman's deposition: (1) additional documents produced by Exeter subsequent to Michael Haltman's original deposition conducted on March 25, 2014. According to Plaintiff, these "additional boxes of documents" contained "Exeter bank account records and corporate records for the Property Corporations" as well as "promissory notes and personal bank records;" (2) new information which "calls into question Mr. Haltman's compliance with the Court's Discovery Orders requiring identification of documents responsive to Plaintiff's Requests 4 and 8;" and (3) an affidavit submitted on March 9, 2015 by Michael Haltman in opposition to Plaintiff's motion for sanctions which contains "numerous assertions about his authority, his position within Exeter and his responsibilities" that goes to the "core of Plaintiff's claims." *See* DE 110 at 2-3.

In opposition, Defendant Michael Haltman asserts that: (1) any additional productions by Exeter subsequent to Michael Haltman's deposition "do not provide a basis to re-open [his] deposition" since Plaintiff "has been in possession of the Exeter bank records and investor promissory notes that the Haltman Defendants produced in September 2014." In addition, Defendant asserts that with respect to the "corporate kits" of certain Property Corporations, "it is unclear how the questioning of Michael Haltman regarding the corporate kits could aid Plaintiff's discovery efforts" and that, in any event, "Plaintiff questioned Michael Haltman at length regarding the Property Corporations" during the original deposition; (2) Defendant

complied with the Court's discovery orders by " having Linda and Michael Haltman review the hard drive and identify responsive documents;" and (3) the mere fact that Defendant submitted an affidavit concerning his position and role with Exeter does not warrant re-opening Defendant's deposition where Plaintiff previously "deposed [Defendant] at length regarding his position and authority within Exeter." *See* DE 111 at 1-3.

**B. Discussion**

    *1. Applicable Law*

"A person who has previously been deposed in a matter may be deposed again, but only with leave of the court." *Sentry Ins. v. Brand Mgmt. Inc.*, No. 10 Civ. 347, 2012 WL 3288178, at *8 (E.D.N.Y. Aug. 10, 2012) (citing Fed. R. Civ. P. 30(a)(2)(A)(ii)); *see Dash v. Seagate Tech. (US) Holdings, Inc.*, No. 13-6329, at *6 (E.D.N.Y. July 14, 2015). "Leave should be granted to the extent that doing so is consistent with the factors set forth in Rule 26(b)(2), such as 'whether the second deposition of the witness would be unnecessarily cumulative, whether the party requesting the deposition has had other opportunities to obtain the same information, and whether the burden of a second deposition outweighs its potential benefit.'"[5] *Sentry Ins.*, 2012 WL 3288178, at *8 (quoting *Ganci v. U.S. Limousine, Ltd.*, No. 10-3027, 2011 WL 4407461, at *2 E.D.N.Y. Sept. 21, 2011)) (collecting cases). "Courts will typically re-open a deposition where there is new information on which a witness should be questioned." *Id.* (quoting *Ganci*, 2011 WL 4407461, at *2); s*ee, e.g*, *Vincent v. Mortman*, No. 04 Civ. 491, 2006 WL 726680, at *1–2 (D. Conn. Mar. 17, 2006) (allowing plaintiff to re-open deposition when one witness' deposition contradicted defendants' deposition and medical records); *Chang v. Safe Horizons*,

---

[5]     Pursuant to the Amendment of the Federal Rules which took effect on December 1, 2016, the burden versus benefit analysis is no longer contained in Rule 26(b)(2). Instead, that balancing test is contained within Rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(1).

No. 03 Civ. 10100, 2004 WL 1874965, at *2 (S.D.N.Y. Aug. 18, 2004); *Keck v. Union Bank of Switzerland*, No. 94 Civ. 4912, 1997 WL 411931, at *2 (S.D.N.Y. July 22, 1997) (deposition re-opened where affidavit provided evidence conflicting with witness testimony). Where the deposition is re-opened because of newly discovered information, the questioning of the witness is limited to those questions relating to the newly produced information. *See Vincent*, 2006 WL 726680, at *2; *Keck*, 1997 WL 411931, at *2–4; *Dash*, 2015 WL 4257329, at *6. In addition, courts will also re-open a deposition "where the witness was inhibited from providing full information at the first deposition." *Miller v. Massad-Zion Motor Sales Co.*, No. 3:12 CV 1363, 2014 WL 4979349, at *2 (D. Conn. Oct. 6, 2014) (internal quotations and citation omitted); *see Keck*, 1997 WL 411931, at *1; *Sentry Ins.*, 2012 WL 3288178, at *7.

### 2. *Application to the Facts*

Plaintiff bases his request to re-open Michael Haltman's deposition on purportedly new relevant information regarding three areas. The Court will address each in turn.

#### i. **Financial / Corporate Records**

Plaintiff asserts that the "additional boxes of documents" produced by the Haltman Defendants — which allegedly include banks records and records pertaining to the Property Corporations — subsequent to Michael Haltman's March 25, 2014 deposition warrant re-opening the deposition to permit inquiry as to these documents. *See* DE 110 at 2. As noted above, "Courts will typically re-open a deposition where there is new information on which a witness should be questioned." *Sentry Ins.*, 2012 WL 3288178, at *8. In such circumstances, the questioning of the witness is limited to those questions relating to the newly produced information. *See Vincent*, 2006 WL 726680, at *2; *Keck*, 1997 WL 411931, at *2–4; *Dash*, 2015 WL 4257329, at *6. Plaintiff thus represents that he should be able to "inquire" as to Michael

7

Haltman's knowledge regarding these "boxes of documents" containing purportedly relevant evidence including "promissory notes and personal bank records."[6] Plaintiff's primary basis for seeking to re-open Michael Haltman's deposition appears to be based upon Haltman's inability at the original deposition to recall reviewing documents from the business files of Exeter. *See* DE 110 at 2. Plaintiff, in re-opening the deposition, presumably seeks to address with Michael Haltman the documents subsequently produced in order to further probe his recollection as to the nature and content of those documents.

Although courts will re-open a deposition where new information comes to light or in cases where the witness was inhibited from providing full information at the first deposition, generally such requests are based upon and limited to particular documents or other evidence rather than an en masse request of the kind made here. *See, e.g.*, *Ganci*, 2011 WL 4407461, at *2 (deposition re-opened to permit inquiry into information received in response to particular FOIL requests). In addition, based upon the limited proffer of Plaintiff's counsel concerning the focus of such a blanket inquiry, the Court has concerns about the parameters of any re-opened examination. The Court will not permit the proverbial "fishing expedition" here. However, the Court will permit the limited re-opening of Michael Haltman's deposition in order for Plaintiff's counsel to address solely the particular documents contained in the boxes produced after Michael Haltman's original deposition.

### ii. Michael Haltman's Compliance with Discovery Orders

Plaintiff next seeks to re-open Michael Haltman's deposition based on purportedly "new information [which] has come to light which calls into question Mr. Haltman's compliance with the Court's Discovery Orders requiring the identification of documents." *See* DE 110 at 2.

---

[6] The Court notes that document production issues have be ongoing in this case requiring frequent court intervention. *See, e.g.*, DE 38, 81.

8

Specifically, Plaintiff maintains that such new information refers to Defendant Haltman's assertion that "the hard drive reviewed was not in fact part of the Prior Productions, as the [Court's] orders required, and that Mr. Haltman did not personally review or identify any documents." *Id*. In light of this information, Plaintiff seeks to inquire "directly of Mr. Haltman as to the steps taken . . . to comply with the Discovery Orders." *Id*. In response, Defendant claims that "Linda and Michael Haltman complied with the Court's Order by having Linda Haltman review the hard drive and identify responsive documents." DE 111 at 2. The Haltmans assert that Linda performed the review since (1) she was the sole employee who used the hard drive (2) was responsible for entering information onto the hard drive (3) was familiar with the information on the hard drive and (4) Michael Haltman almost never used the hard drive and was "completely unfamiliar with the contents. . . ." *Id*.

Rule 26(b)(1) of the Federal Rules of Civil Procedure states, in pertinent part, that "[p]arties may obtain discovery regarding any nonprivileged matter that *is relevant to any party's claim or defense. . . .*" F. R. Civ. P. 26(b)(2) (emphasis added). As to the instant motion, Plaintiff appears to be seeking information concerning Michael Haltman's compliance (or lack thereof) with an Order of the Court. *See* DE 110 at 2. In light of Rule 26(b)(2), which limits discovery to matters relevant to a party's claims, Michael Haltman's compliance with a prior Order of the Court is at best a collateral issue. As such, re-opening Michael Haltman's deposition solely for this limited purpose would not necessarily be warranted. However, since the Court is permitting the deposition to be re-opened on the terms noted above, Plaintiff's counsel can pursue this limited line of questioning, subject to the conditions set forth below.

### iii. Michael Haltman's Affidavit Submitted in Response to Plaintiff's Motion for Sanctions

Plaintiff also seeks to re-open Michael Haltman's deposition in order to inquire as to the contents of an affidavit that Michael Haltman submitted in opposition to Plaintiff's motion for sanctions. *See* DE 110 at 3. The Court initially notes that a ruling on Plaintiff's sanctions motion has already been made by Judge Seybert. *See* DE 171. Plaintiff claims that the representations made in this affidavit, which Plaintiff asserts may not be based solely upon Michael Haltman's knowledge, are relevant to issues that encompass the "core of Plaintiff's claims." *Id*. Even if that is so, Plaintiff had the opportunity to depose Michael Haltman regarding his authority and role at Exeter during the original deposition on March 25, 2014. The issue of Michael Haltman's role at Exeter has presumably been part of Plaintiff's discovery efforts since the inception of this action. As such, this is not a case where Plaintiff was inhibited at the original deposition from addressing Michael Haltman's role and authority at Exeter. Accordingly, the Court DENIES Plaintiff's request to re-open Michael Haltman's deposition for this third purpose.

The Court is therefore GRANTING, in part, Plaintiff's motion to re-open the deposition of Michael Haltman. However, the re-opened deposition is subject to the limitations set forth above. Moreover, the deposition shall be limited to 2.5 hours and must be completed within 30 days of the entry of this Order. Counsel for Michael Haltman is directed to ensure his client's cooperation in making himself available in the time frame noted. Plaintiff's counsel is cautioned to use his time wisely in the examination because the 2.5 hours will not be extended.

### V. CONCLUSION

For the foregoing reasons, Plaintiff's motion to re-open the deposition of Michael Haltman is GRANTED, subject to the terms set forth in this Order.

**SO ORDERED.**

Dated: Central Islip, New York
March 25, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge