UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF EXETER HOLDING, LTD.,

                    Plaintiff,                MEMORANDUM & ORDER
                                              13-CV-5475 (JS)(AKT)
          -against-

LINDA HALTMAN, et al.,

                    Defendants.
------------------------------------X
SEYBERT, District Judge:

Currently pending before the Court are: (1) Defendant Bruce Frank's motion to dismiss and for reconsideration (Docket Entry 196), (2) Defendant Elise Frank's motion to dismiss (Docket Entry 219), and (3) Defendant Bruce Frank's motion to appoint counsel for his minor children, J.F. and B.F (Docket Entry 218). For the following reasons, Defendant Bruce Frank's motion to dismiss and for reconsideration is DENIED, Defendant Elise Frank's motion to dismiss is DENIED, and Defendant Bruce Frank's motion to appoint counsel is DENIED WITHOUT PREJUDICE and with leave to renew.

Additionally, the Official Committee of Unsecured Creditors ("Plaintiff") has requested that the Court: (1) enter a discovery schedule (Docket Entry 201), (2) issue a certificate of default against the unrepresented minors and unrepresented trusts (Docket Entry 221), and (3) hold a status conference (Docket Entry 238). The requests are DENIED.

The Court assumes familiarity with the facts of this case, which are detailed in Judge A. Kathleen Tomlinson's Report and Recommendation dated August 25, 2015 (R&R, Docket Entry 151) and this Court's Orders dated January 12, 2016 and September 21, 2016 (Docket Entries 171, 225). Briefly, Plaintiff brought this adversary proceeding against officers, directors, and insiders of Exeter Holdings, Ltd. ("Exeter" or "the Company") following the commencement of bankruptcy proceedings by Exeter. (Compl., Docket Entry 3-9, ¶¶ 1-2.) The Defendants include Arnold Frank and Sondra Frank; their three children Linda Haltman, Bruce Frank, and Larry Frank; and their grandchildren, trusts and other entities (collectively "Defendants"). (Compl. ¶¶ 16-70.) Plaintiff alleges that Defendants defrauded Exeter's creditors by transferring funds to themselves, trusts, and other entities they control and seeks to recover approximately $29 million. (Compl. ¶¶ 3-7.)

I.   Bruce Frank's Motion to Dismiss and For Reconsideration

On February 2, 2015, Plaintiff filed a motion for sanctions for spoliation of evidence. (Pl.'s Mot., Docket Entry 92.) The undersigned referred the motion to Judge Tomlinson. Her R&R recommended that the Court grant the motion in part and issue an adverse inference at trial that the jury "may infer that the spoliated evidence was largely damaging to defendants." (R&R, Docket Entry 151, at 43.) Several Defendants filed objections to

Judge Tomlinson's R&R, including Bruce Frank ("Mr. Frank"); however, the Court overruled the objections and adopted the R&R in its entirety. (Jan. 12, 2016 Order, Docket Entry 171, at 1.) Two of the individual Defendants, Linda and Michael Haltman, subsequently filed a motion for reconsideration of the sanctions decision. (Haltman Mot., Docket Entry 175.) The motion for reconsideration was denied. (Sept. 21, 2016 Order, Docket Entry 225.)

On April 25, 2016, Mr. Frank filed a "Request to be dismissed in the motion of spoliation." (Frank Spoliation Mot., Docket Entry 196.) He argues that he was listed as a defendant in the spoliation motion, but has "never been an employee, manager, or officer of Exeter." (Frank Spoliation Mot. at 1.) Additionally, he maintains that he never accessed any of Exeter's computers or data, and that as far as he understands, no files were deleted. He also requests that the Court instruct Plaintiff to discontinue the case against him. (Frank Spoliation Mot. at 1.)

Motions for reconsideration are governed by Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007). A motion for reconsideration is appropriate when the moving party believes that the Court overlooked important facts or controlling law in a prior decision.

_Shamis v. Ambassador Factors Corp._, 187 F.R.D. 148, 151 (S.D.N.Y. 1999). However, a motion for reconsideration is not a proper tool to relitigate arguments and issues already considered by the Court in deciding the original motion. See _United States v. Gross_, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See _Lehmuller v. Inc. Vill. of Sag Harbor_, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court failed to evaluate controlling legal authority or facts "'that might reasonably be expected to alter the conclusion reached by the court.'" _Wechsler v. Hunt Health Sys._, 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002) (quoting _Davidson v. Scully_, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)).

Mr. Frank appears to argue that the Court should reconsider its decision to impose sanctions. However, the Court declines to do so. Judge Tomlinson's R&R and this Court's prior Orders carefully considered this issue, including the alternative reasons offered by Defendants for the data loss. Moreover, Mr. Frank offers no new facts or controlling law that would cause this Court to revisit that decision. Finally, the Court declines to instruct Plaintiff to dismiss Mr. Frank as a defendant in this action. Accordingly, Mr. Frank's motion to dismiss and for reconsideration (Docket Entry 196) is DENIED.

## II.  Elise Frank's Motion to Dismiss

On August 2, 2016, Defendant Elise Frank ("Ms. Frank") filed a request to be dismissed from this case.  (Frank Dismissal Mot., Docket Entry 219.)  She argues that she "was a minor during the time period that the events took place in this action" and has "never received any money directly or indirectly for [her] benefit from Exeter Holding, Ltd."  (Frank Dismissal Mot. at 1.)  She contends that she was an investor in Exeter but never received any distribution of that investment.

On August 17, 2016, Plaintiff opposed the motion and argued that Ms. Frank's motion was duplicative of an earlier filed motion to dismiss which remains sub judice.  (Pl.'s Opp., Docket Entry 222, at 1.)  The Court agrees.  Upon review, it appears that the prior motion to dismiss, which was originally filed in the Bankruptcy Court, was improperly docketed.  Although this Court directed that it be docketed, the motion was not docketed separately nor was it filed as a motion.

By way of background, Plaintiff commenced this matter in the Bankruptcy Court in the Eastern District of New York on October 23, 2012.  (Adversary Proceeding 12-8401, Compl., Docket Entry 1.)  On January 11, 2013, numerous Defendants, including Ms. Frank, filed a motion to dismiss.  (Adversary Proceeding 12-8401, Mot. to Dismiss, Docket Entry 9.)  Before the motion could be determined, Plaintiff filed a motion to withdraw the reference to the

bankruptcy court. (Mot. to Withdraw Reference, Docket Entry 1.) On September 18, 2013, this Court granted the motion and held that the matter would proceed in this Court. (Sept. 18, 2013 Order, Docket Entry 2.) In that Order, the Court directed the parties to file a joint letter attaching as exhibits the relevant filings from the Bankruptcy Court docket and directed the Clerk of the Court to docket the filings. (Order at 3-4.) They were never separately docketed. Further, the parties did not indicate in their correspondence to the Court that the motion was pending and inexplicably failed to bring the motion to the Court's attention until Ms. Frank filed the instant motion.

Accordingly, the Court finds that Ms. Frank's motion to dismiss is duplicative and her motion (Docket Entry 219) is DENIED. The Clerk of the Court is directed to docket Defendants' motion to dismiss and related briefing (Docket Entries 3-5, 3-6, 3-7, 3-8) as separate entries, designating Docket Entry 3-5 as a motion. The Court will determine the motion in due course.

III. Bruce Frank's Motion to Appoint Counsel

On August 2, 2016, Mr. Frank filed a motion to appoint counsel for his minor sons, J.F. and B.F. (Mot. for Counsel, Docket Entry 218.) Mr. Frank alleges that he has incurred over $275,000 in legal bills during the course of this litigation and that he cannot afford to hire counsel to represent J.F. and B.F. (Mot. for Counsel at 1.)

Initially, Mr. Frank, his wife Kathleen, their children and the children's trusts were represented by Marc A. Pergament, Esq. (Mot. to Withdraw, Docket Entry 45.) However, the Court granted Mr. Pergament's motion to withdraw on June 25, 2014 due to a conflict resulting from his representation of both the Franks and the Haltmans.[1] (See, Minute Order, Docket Entry 47.) The Franks subsequently retained Cullen & Dykman LLP ("C&D") to represent them, their children and the trusts. In March 2015, the Court granted C&D's motion to withdraw as counsel for Bruce and Kathleen Frank in all capacities, and in July 2016, the Court granted C&D's motion to withdraw as counsel for the children and the trusts. (See, Minute Order, Docket Entry 107; Minute Order, Docket Entry 216.) As a result, Bruce Frank, Kathleen Frank, and their two older children are proceeding pro se, while the trusts and the two minor children, J.F. and B.F., remain unrepresented. Despite the Court's direction, Mr. and Mrs. Frank have failed to retain counsel for their minor children or the trusts.

In light of the pending motion to dismiss, the Court DENIES WITHOUT PREJUDICE Mr. Frank's motion to appoint counsel with leave to renew, if necessary, after the motion has been resolved. Should the Court rule in Plaintiff's favor, the motion to appoint counsel may be renewed at that time.

---

[1] As previously noted, Bruce Frank's sister, Linda Haltman, and her husband, Michael Haltman are also defendants in this action.

## CONCLUSION

For the foregoing reasons, Defendant Bruce Frank's motion to dismiss and for reconsideration (Docket Entry 196) is DENIED, Defendant Elise Frank's motion to dismiss (Docket Entry 219) is DENIED, and Defendant Bruce Frank's motion to appoint counsel for his minor children, J.F. and B.F (Docket Entry 218) is DENIED WITHOUT PREJUDICE and with leave to renew.  The Clerk of the Court is directed to docket Defendants' motion to dismiss and related briefing (Docket Entries 3-5, 3-6, 3-7, 3-8) as separate entries, designating Docket Entry 3-5 as a motion.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

Plaintiff's request for a certificate of default (Docket Entry 221) is DENIED WITHOUT PREJUDICE and with leave to renew pending the Court's determination on the motion to dismiss. Additionally, the Clerk of the Court is directed to TERMINATE AS MOOT Plaintiff's motion for a discovery schedule (Docket Entry 201) in light of the passage of the requested deadlines. To prevent further delay, the Court directs that discovery proceed while the motion to dismiss is pending. After conferring, the parties are directed to file a proposed discovery schedule with Judge Tomlinson within twenty (20) days of the date of this Memorandum and Order. The Court finds that a status conference is unnecessary and DENIES Plaintiff's request (Docket Entry 238) at this time. Plaintiff is directed to serve a copy of this Order on the pro se defendants and file proof of service on ECF promptly.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     March   21  , 2017
           Central Islip, New York