```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF EXETER HOLDING, LTD.,

                    Plaintiff,            MEMORANDUM & ORDER
                                          13-CV-5475 (JS)(AKT)
        -against-

LINDA HALTMAN, et al.,

                    Defendants.
----------------------------------------X
```
SEYBERT, District Judge:

       The Official Committee of Unsecured Creditors of Exeter Holding, Ltd. ("Plaintiff") commenced this adversary proceeding against officers, directors, and insiders of Exeter Holdings, Ltd. ("Exeter" or "the Company") following the commencement of bankruptcy proceedings by Exeter. (Compl., Docket Entry 3-9, ¶¶ 1-2.) The Defendants include Arnold Frank and Sondra Frank; their three children Linda Haltman, Bruce Frank, and Larry Frank; and their grandchildren, trusts and other entities (collectively "Defendants"). (Compl. ¶¶ 16-70.) Plaintiff alleges that Defendants defrauded Exeter's creditors by transferring funds to themselves, trusts, and other entities they control and seeks to recover approximately $29 million. (Compl. ¶¶ 3-7.)

       Plaintiff alleges that as part of Defendants' fraudulent scheme, they transferred assets to Defendant Maplewood Associates, Inc. ("Maplewood"), which is owned by Larry Frank. (Compl. ¶¶ 46,

299.)  On December 14, 2016, Plaintiff filed a motion for a default judgment against Maplewood.  (Default Mot., Docket Entry 233.)

Additionally, on October 5, 2016, Plaintiff filed a motion to substitute Arnold Frank's wife, Defendant Sondra Frank, for the late Arnold Frank.  (Mot. to Substitute, Docket Entry 227.)

Currently pending before the Court are: (1) Magistrate A. Kathleen Tomlinson's Report and Recommendation dated August 3, 2017 with respect to Plaintiff's motion to substitute (Substitution R&R, Docket Entry 252), and (2) Judge Tomlinson's Report and Recommendation dated August 3, 2017 with respect to Plaintiff's motion for a default judgment against Maplewood (Default R&R, Docket Entry 253).  Judge Tomlinson recommends that this Court grant the motion to substitute in part and grant in part and defer in part the motion for a default judgment.  (Default R&R at 3; Substitution R&R at 3.)  Plaintiff filed an objection to Judge Tomlinson's recommendation regarding the motion for a default judgment.  (Pl.'s Obj., Docket Entry 257.)

For the following reasons, Plaintiff's objection is OVERRULED, and the R&Rs are ADOPTED.  Plaintiff's motion to substitute is GRANTED IN PART and DENIED IN PART, and Plaintiff's motion for a default judgment is GRANTED IN PART and DEFERRED IN PART.

I.   <u>Motion for a Default Judgment</u>

Judge Tomlinson recommends that the Court grant in part and defer in part Plaintiff's motion for a default judgment against Maplewood. (Default R&R at 3.)  As an initial matter, she determined that Maplewood was in default based on its failure to secure counsel.  (Default R&R at 10.)  She also found that the relevant factors weighed in favor of granting a default judgment against Maplewood.  (Default R&R at 11-18.)  However, she noted that because Plaintiff had only demonstrated that it was entitled to a default judgment against Maplewood on two claims--namely, constructive fraudulent conveyance under New York Debtor and Creditor Law and unjust enrichment--a default judgment should be entered as to those claims only.  (Default R&R at 13, n.6.)  As such, she concluded that Plaintiff was entitled to a default judgment against Maplewood as to Counts Five and Thirteen of the Complaint.  (Default R&R at 18.)

Regarding damages, Judge Tomlinson recommends that the Court defer awarding damages until the claims against the remaining Defendants are resolved.  (Default R&R at 18-20.)  She determined that because Plaintiff is seeking damages against Defendants jointly and severally, it would be prudent to defer calculating damages until the claims against the non-defaulting Defendants have been adjudicated or settled.  (Default R&R at 19-20.)

3

Plaintiff has objected to Judge Tomlinson's recommendation that the Court defer awarding damages against Maplewood. (Pl.'s Obj. at 1.) Plaintiff maintains that "damages against Maplewood can and should be assessed concurrently with the entry of default judgment." (Pl.'s Obj. at 2.) Plaintiff acknowledges that there is a risk of inconsistent awards when damages are calculated as to a defaulting defendant and the defaulting defendant and the non-defaulting defendants in a particular action are subject to joint and several liability. (Pl.'s Obj. at 3-4.) However, it argues that this risk is not dispositive and points out that at least some courts have proceeded with the calculation of damages under similar circumstances. (Pl.'s Obj. at 4-5.) Plaintiff further argues that the risk of prejudice is high, because here, "Plaintiff . . . has been deprived of any recovery for the better part of a decade" and "there is no end to this dispute currently in sight." (Pl.'s Obj. at 5.) Moreover, it argues that deferring the damages determination is akin to rewarding Maplewood for its conduct. (Pl.'s Obj. at 5.) Finally, Plaintiff contends that if inconsistent judgments are rendered in this action, the Court could take steps to remedy the inconsistency. (Pl.'s Obj. at 5.)

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not

4

facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of being served with the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate judge's recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they are objecting. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, where a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Walker, 216 F. Supp. 2d at 291 (internal quotation marks and citation omitted).

The majority of courts in this district have abided by the general rule that "where . . . an action against several defendants charges them with joint and several liability and where

fewer than all defendants are in default, the preferred practice is to defer the damages inquest until after the disposition of the claims against the non-defaulting defendants." Clement v. United Homes, LLC, No. 10-CV-2122, 2010 WL 4941489, at *2 (E.D.N.Y. Nov. 30, 2010); see also Elsevier Inc. v. Memon, 97 F. Supp. 3d 21, 39 (E.D.N.Y. 2015); Harvey v. Home Savers Consulting Corp., No. 07-CV-2645, 2008 WL 724152, at *1-2 (E.D.N.Y. Mar. 17, 2008); Long Island Housing Servs. v. Greenview Props., Inc., No. 07-CV-0352, 2008 WL 150222, at *1 (E.D.N.Y. Jan. 11, 2008). The Court is not convinced that a departure from the general rule is appropriate here. Plaintiff has alleged that Defendants, including Maplewood, are jointly and severally liable for "at least $29 million, plus interest and costs, that they willfully and inappropriately siphoned out of the Debtor." (Compl. ¶ 7.) Therefore, deferring a damages inquest will "'avoid possible inconsistent judgments and [best serve] judicial economy.'" Clement, 2010 WL 4941489, at *2 (quoting Miele v. Greyling, No. 94-CV-3674, 1995 WL 217554, at *4 (S.D.N.Y. Apr. 13, 1995) (alteration in original)).

Plaintiff cites International Gemmological Institute, Inc. v. Rafaeil, No. 05-CV-2395, 2005 WL 3880222 (S.D.N.Y. Aug. 17, 2005), in which the Court, based on the particular circumstances in that case, proceeded with a damages inquest despite the possibility of inconsistent awards due to prejudice to the

plaintiff.  The Court recognizes that prejudice to the plaintiff is a consideration, and that in this case, Plaintiff's recovery has been delayed.  Nonetheless, the Court finds that the interest in avoiding inconsistent judgments outweighs that prejudice.

Therefore, Plaintiff's objection is OVERRULED, and Judge Tomlinson's R&R with respect to Plaintiff's motion for a default judgment is ADOPTED.  The Clerk of the Court is directed to enter a default judgment against Maplewood Associates, Inc. on Counts Five and Thirteen of the Complaint.  The calculation of damages against Maplewood is deferred until the claims against the non-defaulting Defendants are resolved.

II. <u>Motion to Substitute</u>

Judge Tomlinson recommends that Plaintiff's motion to substitute be granted in part and denied in part.  (Substitution R&R at 22.)  Specifically, she found that Plaintiff had failed to present sufficient evidence to demonstrate that Sondra Frank is a proper party under Federal Rule of Civil Procedure 25.  (Substitution R&R at 20.)  As a result, she recommends that the motion to substitute be denied without prejudice and with the right to renew "on the condition that (1) a personal representative is appointed to administer Arnold Frank's estate and/or (2) the estate has been fully distributed to any successors."  (Substitution R&R at 20-21.)  She also recommends that the Court permit Plaintiff to depose Sondra Frank.  (Substitution R&R at 22.)  She recommends

7

that the Court direct Plaintiff to complete her deposition by September 8, 2017 and renew the motion to substitute by September 30, 2017. (Substitution R&R at 22.)

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Tomlinson's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R. To provide sufficient time to complete Ms. Frank's deposition, Plaintiff is directed to conduct the deposition within forty-five (45) days of the date of this Memorandum and Order. Further, Plaintiff is directed to file the renewed motion to substitute within sixty (60) days of the date of this Memorandum and Order.

CONCLUSION

For the foregoing reasons, Plaintiff's objection is OVERRULED (Docket Entry 257), and the R&Rs (Docket Entries 252, 253) are ADOPTED.

Plaintiff's motion to substitute (Docket Entry 227) is GRANTED IN PART and DENIED IN PART. The motion is denied without prejudice and with leave to renew after Ms. Frank's deposition, provided that a personal representative is appointed or the estate has been fully distributed. Plaintiff is directed to conduct the deposition within forty-five (45) days of the date of this Memorandum and Order. Further, Plaintiff is directed to file the renewed motion to substitute within sixty (60) days of the date of this Memorandum and Order.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

Further, Plaintiff's motion for a default judgment (Docket Entry 233) is GRANTED IN PART and DEFERRED IN PART. The Clerk of the Court is directed to enter a default judgment against Maplewood Associates, Inc. on Counts Five and Thirteen of the Complaint. The calculation of damages against Maplewood is deferred until the claims against the non-defaulting Defendants are resolved.

Plaintiff is directed to serve a copy of this Order on the pro se defendants and file proof of service on ECF promptly.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  11 , 2017
       Central Islip, New York