**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF EXETER HOLDINGS, LTD.,

                      Plaintiffs,                         **REPORT AND**
                                                         **RECOMMENDATION**

            -against-                                    CV 13-5475 (JS) (AKT)

LINDA HALTMAN, INDIVIDUALLY, AS A
TRUSTEE FOR THE ARNOLD AND SONDRA
FRANK IRREVOCABLE TRUST, C. H. TRUST,
RYANN HALTMAN TRUST, AND SAMANTHA
HALTMAN TRUST; MICHAEL HALTMAN,
INDIVIDUALLY, AS A TRUSTEE FOR THE C. H.
TRUST, RYANN HALTMAN TRUST, AND
SAMANTHA HALTMAN TRUST; BRUCE FRANK,
INDIVIDUALLY, AS A TRUSTEE FOR THE
ARNOLD AND SONDRA FRANK IRREVOCABLE
TRUST, B. F. TRUST, E. F. TRUST, J. F. TRUST,
AND K. F. TRUST; KATHLEEN FRANK,
INDIVIDUALLY, AS A TRUSTEE FOR THE B. F.
TRUST, E. F. TRUST, J. F. TRUST, AND K. F.
TRUST; KATHLEEN FRANK, INDIVIDUALLY,
AS A TRUSTEE FOR THE B. F. TRUST, E. F.
TRUST, J. F. TRUST, AND K. F. TRUST; LARRY
FRANK INDIVIDUALLY, AND AS A TRUSTEE
FOR THE ARNOLD AND SONDRA FRANK
IRREVOCABLE TRUST; ARNOLD FRANK;
SONDRA FRANK, INDIVIDUALLY, AND AS A
TRUSTEE FOR THE BARBARA COHEN-LINDA
HALTMAN TRUST, MURRAY COHEN-LINDA
HALTMAN TRUST, BARBARA COHEN-BRUCE
FRANK TRUST, MURRAY COHEN-BRUCE
FRANK TRUST, BARBARA COHEN-LARRY
FRANK TRUST, MURRAY COHEN-LARRY
FRANK TRUST, RYANN HALTMAN;
SAMANTHA HALTMAN; RUTH FRANK;
ARNOLD AND SONDRA FRANK IRREVOCABLE
TRUST; BARBARA COHEN-LINDA HALTMAN
TRUST; MURRAY COHEN-LINDA HALTMAN
TRUST; BARBARA COHEN-BRUCE FRANK
TRUST; MURRAY COHEN-BRUCE FRANK
TRUST; BARBARA COHEN-LARRY FRANK
TRUST; MURRAY COHEN-LARRY FRANK
TRUST; B.F. TRUST; C.H. TRUST; E. F. TRUST; J.
F. TRUST; K. F. TRUST; HANK FRANK TRUST;

RUTH FRANK TRUST; TODD FRANK AND
LESTER FRANK AS TRUSTEES FOR RUTH
FRANK TRUST AND HANK FRANK TRUST;
RYANN   HALTMAN   TRUST;   SAMANTHA
HALTMAN TRUST; 124 NEW YORK AVENUE
CORP.; 140 MAGGIE DRIVE CORP.; 22 BRIDGE
LANE CORP.; 22 WEST HILLS COURT CORP.; 29
MILL FARM LANE CORP.; 207 PARRISH POND
COURT WEST CORP.; 3 LEWIS LANE CORP.;
BEGONIA   COURT   CORP.;   BITTERSWEET
PARTNERS   INC.;   EDEN   ROCK   CORP.;
MAPLEWOOD ASSOCIATES, INC.; SHORT PATH
HOUSE CORP.; SOUND SIDE VENTURES, LTD.;
VIA TRENTA CORP.; JOHN DOE(S) 1–100; AND
ABC CORPORATION(S) 1– 100,

Defendants.

-------------------------------------------------------------X

## A. KATHLEEN TOMLINSON, Magistrate Judge:

## I.   PRELIMINARY STATEMENT

This case involves claims of fraud, breach of fiduciary duty, and unjust enrichment

originating from Defendants' alleged defrauding of creditors of Exeter Holdings, Ltd. ("Exeter"),

a closely held, family-run S corporation.  *See generally* Complaint ("Compl.") [DE 3-9].

Specifically, Plaintiff, the Committee of Unsecured Creditors of Exeter, alleges that Defendants

defrauded them by transferring funds to themselves, trusts, and other entities in Defendants'

control for personal use.  *See id.*  Presently before the Court on referral from Judge Seybert are

two applications:  (1) Plaintiff's Amended Motion for Attorneys' Fees incurred in connection

with Plaintiff's successful sanctions motion against Defendants ("Am. Fee Mot.") [DE 228/298];

and (2) Plaintiff's Amended Motion to Substitute ("Am. Sub. Mot.") [DE 270].

For the reasons set forth below, the Court respectfully recommends to Judge Seybert that

(1) Plaintiff's Amended Motion for Attorneys' Fees be GRANTED, to the extent set forth in this

Report and Recommendation, and (2) Plaintiff's Amended Motion to Substitute be DENIED, as

moot.

## II.   PROCEDURAL POSTURE

This case was originally filed in April 2013, and at present the docket has 298 noted entries. The Court assumes the parties' familiarity with its history and will not recite the same here except where necessary for context. The Court directs the parties' attention to Judge Seybert's recent Memorandum and Order on Defendants' Motion to Dismiss [DE 278], along with this Court's previous Reports and Recommendations [DE 151, 152, 179, 252, 253] for a full recitation of this case's procedural history. The Court will confine its summary here to the procedural history as it relates to the two pending applications.

### A.   The Fee Application

In February 2015, Plaintiff filed a motion for sanctions [DE 92-25], arguing that Defendants engaged in spoliation and destroyed records which they had a duty to preserve. Plaintiff's motion contained an application for fees and costs incurred in connection with making the motion. Plaintiff's spoliation motion was referred by Judge Seybert to this Court for a Report and Recommendation, and on August 25, 2015, this Court issued its Report [DE 151], recommending that (1) Plaintiff's request for an adverse inference be granted, (2) Plaintiff's request for default judgment be denied, and (3) Plaintiff's request for fees and costs be deferred until Plaintiff makes a proper fee application under Rule 37 accompanied by contemporaneous time and expense records. Judge Seybert received objections from multiple parties, and on January 12, 2016, adopted the Report and Recommendation in its entirety. *See* DE 171. In her adoption Order, Judge Seybert directed Plaintiff to make a motion for fees and costs pursuant to Rule 37. *Id.*

In February 2016, Plaintiff filed its Rule 37 fee application [DE 183-185]. Plaintiff sought $774,871.00 in attorneys' fees and costs. *See* DE 184 at 15-17. Defendants opposed the fee application, arguing that many of the fees for which Plaintiff sought reimbursement were

unrelated to the sanctions motion and that both the rates and hours billed were excessive. *See generally* DE 189. Around the same time, the Haltman Defendants moved Judge Seybert for reconsideration of her Order adopting this Court's Report and Recommendation. *See* DE 174-75.

In a Memorandum and Order issued September 21, 2016 [DE 225], Judge Seybert (1) denied the Haltman Defendants' motion for reconsideration, with prejudice, and (2) denied Plaintiff's fee award, without prejudice. As to the fee application, Judge Seybert explained that

> Plaintiff did not provide the Court with a list of attorneys who worked on the spoliation motion, any biographical information, or a list of their billing rates. Rather, Plaintiff submitted an affidavit containing billing records and a brief affidavit describing work completed by numerous attorneys, charging a range of rates, during various time periods. The Court will not parse through Plaintiff's bills and search for biographical information that Plaintiff should have provided in its moving papers.

DE 225 at 18. Judge Seybert also determined that three of the 14 categories of expenses for which Plaintiff sought compensation, totaling $84,399.00, were not reasonably related to Plaintiff's sanctions motion and were therefore not recoverable. *Id.* at 15 (finding expenses for "Negotiating the Confidentiality Agreement and Production of the Forensic Hard Drive: $29,781;" "Reviewing the contents of the Forensic Hard Drive: $32,091;" and "Vendor Costs incurred Processing and Reviewing the forensic Hard Drive: $22,527" to be unrecoverable). Judge Seybert determined the remainder of the expenses, totaling $690,652 (analysis related to PwC's initial deletion analysis - $38,036; preliminary analysis regarding preservation obligations - $4,857; preparing sanctions motion - $334,648; preparing cross motion opposition papers - $41,463; depositions of Wenstein and Lee - $93,349; PwC fees related to the sanctions motion, cross motion, and expert deposition - $54,145; preparing for the continued deposition of Mrs. Haltman - $3,601; preparing objections to the R&R and opposing Defendants' objections -

$36,592; preparing opposition to the motion for reconsideration - $43,261; preparing the instant application for fees - $15,000; and costs - $25,520) to be reasonably related to prosecution of the spoliation motion. *See id.* at 15. Judge Seybert explicitly stated that she was expressing no opinion as to whether the hours Plaintiff's counsel expended in prosecuting its spoliation motion were reasonable. *Id.* at 15 n.4. Plaintiff was granted leave to file a supplemental fee application consistent with the Court's September 21, 2016 Order.

On October 11, 2016, Plaintiff filed its Amended Motion for Attorneys' Fees [DE 228] which included biographical information of the attorneys for whose work counsel seeks reimbursement. Plaintiff's Amended Motion argued that (1) the rates charged by its attorneys and staff were reasonable and consistent with those approved by the Bankruptcy Court in the preceding action, and (2) the hours billed were reasonable. *See generally* DE 228. Defendants filed a declaration in opposition to the amended fee application [DE 230], arguing that the supplemental briefing goes beyond what Judge Seybert authorized by advancing arguments regarding the reasonableness of rates and hours. Defendants also argue that the exorbitant rates charged by Plaintiff's attorneys are not reasonable because, although Plaintiff states that the amounts involved in the lawsuit are approximately $30 million, this amount in no way reflects what Plaintiff can expect to actually collect if it wins. *See generally* DE 230.

On April 25, 2018, Judge Seybert referred Plaintiff's Amended Motion for Attorneys' Fees to this Court for a Report and Recommendation as to whether, and to what extent, the motion should be granted. *See* DE 282.

**B.     The Motion to Substitute**

On March 3, 2016, Arnold Frank, the patriarch of the Frank family and head of the closely-held family business at the center of this lawsuit, passed away. On October 5, 2016, Plaintiff filed a suggestion of death on the record and a motion to substitute Mrs. Sondra Frank

for the estate of Arnold Frank. *See* DE 227. That motion was referred to this Court for a Report and Recommendation as to whether it should be granted. *See* DE 248. On August 3, 2017, this Court issued a Report and Recommendation [DE 252] recommending to Judge Seybert that Plaintiff's motion be denied, without prejudice, and with the right to renew once a personal representative was appointed to administer Arnold Frank's estate and/or the estate had been fully distributed to all successors. DE 252 at 20.

By Order dated September 11, 2017, Judge Seybert adopted this Court's Report and Recommendation in its entirety. *See* DE 260. Subsequently, Sondra Frank was deposed and testified that Arnold Frank had executed a will nominating his son, Bruce Elliot Frank, and his wife, Sondra Frank, as co-executors of his estate. On November 24, 2017, Plaintiff filed its Amended Motion to Substitute [DE 270]. On April 25, 2018, in the same Order referring Plaintiff's amended fee application, Plaintiff's Amended Motion to Substitute was referred to this Court for a Report and Recommendation as to whether it should be granted. *See* DE 282.

### C.    The June 29, 2018 Motion Conference

This Court held a conference on June 29, 2018 to address the re-referred Amended Motion for Attorneys' Fees and the Amended Motion to Substitute. *See* June 29, 2018 Minute Order [DE 289]. The Court first addressed the Amended Motion to Substitute and examined affidavits of Defendants Bruce Elliot Frank and Sondra Frank [DE 273, 274] in which these Defendants renounced their respective interests in the estate of Arnold Frank. *See* DE 289 at 2. Counsel for the Haltman Defendants also advised that his clients would likely renounce any interest in Arnold Frank's estate. However, counsel stated he would check with his clients and confirm if this was correct. *See id*. Counsel for Defendant Larry Frank stated the same. *See id*. The Court was advised that in the event all interested parties renounced their interests in the estate of Arnold Frank, Plaintiff would not seek appointment of the Public Administrator, but

6

would instead move forward with the litigation without substitution. *See id.* In letters dated July 3, 2018 and July 23, 2018 [DE 290, 297, respectively], counsel for the Haltman Defendants and counsel for Larry Frank confirmed that their clients did not wish to become executor of Arnold Frank's estate and renounced all rights thereto.

With respect to Plaintiff's Amended Motion for Attorneys' Fees, the Court noted that there were still outstanding issues preventing the Court from making a ruling on the application. Specifically, "[t]he Court noted that Attorney Roesser's Declaration at DE 229-1 does not link the listed billable hours and rates for which Plaintiff is seeking reimbursement to any specific entries in the previously submitted contemporaneous billing records [DE 185-1 and 185-2]." DE 219 at 2. Plaintiff's counsel was given three weeks to prepare and submit additional information linking the contemporaneous billing records to the hours billed for which Plaintiff seeks to recover. *Id.* This supplemental information was filed on July 24, 2018 [DE 298].

## III. THE PENDING MOTIONS

### A. Plaintiff's Amended Motion to Substitute [DE 270]

The Court first addresses the Amended Motion to Substitute Bruce Elliot Frank and Sondra Frank for the late Arnold Frank in this action. As noted, both Bruce and Sondra Frank have renounced any and all rights/interest in the estate of the late Arnold Frank. *See* DE 273, 274. Linda Haltman and Larry Frank have, through counsel, also declined to serve as executor of Arnold Frank's estate. *See* DE 290, 297. Based on the representation of Plaintiff's counsel that if no Defendant was willing to serve as executor of Arnold Frank's estate, it would not seek appointment of the Public Administrator and would proceed with the litigation in the absence of a substitute, *see* DE 289, the Court recommends to Judge Seybert that Plaintiff's Amended Motion to Substitute be DENIED, as moot, in light of the current circumstances.

### B.     Plaintiff's Amended Motion for Attorneys' Fees

#### 1.     *Plaintiff's Fee Application [DE 184 / 228 / 298]*

Plaintiff moves for the following fees and costs related to the prosecution of its sanctions motion:  $4,857.00 in fees for "conducting preliminary analysis regarding preservation obligations;" $38,036 in fees for "analyzing PwC's initial deletion analysis;" $334,648 in fees for "preparing the Sanctions Motion Papers;" $41,463 in fees for "preparing the Cross Motion Opposition Papers;"[1] $93,349 in fees for "preparing for the depositions of Messrs. Weinstein and Lee (and related issues);"[2] $3,601 in fees for "preparing for the continued deposition of Mrs. Haltman;" $36,592 in fees for "preparing Objections to the Report and Recommendation that Plaintiff's motion for sanctions be granted in part, denied in part, and deferred in part (Dkt. No. 151 . . . ), and opposing Defendants' Objections to same;" $43,261 for "preparing Plaintiff's Opposition to Defendants' Motion for Reconsideration;" $54,145 in fees from third-party vendor PwC related to the Sanctions Motion and Cross Motions, as well as the April 2015 depositions of Mrs. Haltman and Messrs. Weinstein and Lee;" and $25,520 in costs "related to the Sanctions and Cross Motions, the April 2015 depositions, objections to the Report, and opposing the Haltmans' Motion for Reconsideration, collectively."  Declaration of John D. Roesser in Further Support of Plaintiff's Motion for Fees and Costs ("Roesser Decl.") [DE 298] at 2-8. Accordingly, Plaintiff seeks a total award of $675,472.[3]

---

[1]   The "Cross Motion Opposition Papers" refers to the opposition to the Haltman Defendants' cross-motion to compel Plaintiff to produce certain categories of documents.

[2]   "Messrs. Weinstein and Lee" are two experts whose affidavits the Haltman Defendants submitted as part of their cross-motion.

[3]   The Court notes that the Attorney Roesser's supplemental declaration laying out the fees and costs Plaintiff currently seeks is consistent with Plaintiff's previous submissions.  At first glance there appears to be a $15,000 discrepancy between what Plaintiff currently seeks ($675,472) and what it sought in the earlier iteration of its application when adjusted for the $84,399.00 in fees that Judge Seybert found not reasonably related to the sanctions motion

In compliance with the instruction of Judge Seybert, Plaintiff has submitted biographical information of the attorneys for whom it is seeking to recover fees.  The Court summarizes that information and the applicable billing rates below.

### 2.    *Opposition of the Haltman Defendants [DE 189 / 230]*

As noted by Judge Seybert in her initial Order on Plaintiff's fee application, the Haltman Defendant's opposed Plaintiff's initial application, *see* DE 189, arguing that the request is excessive given (1) the categories of costs for which Plaintiff seeks to recover, (2) the amount of time expended by Plaintiff's counsel, and (3) the hourly rates billed.  *See* DE 225 at 13; DE 189. Defendants also filed a short declaration in opposition to the supplemental fee application [DE 230], arguing that Plaintiff's supplemental submission is not "consistent" with Judge Seybert's Order, because "[n]otwithstanding the extremely limited scope of th[e] Court's ruling, in its Supplemental Submission, Plaintiff rehashes arguments and assertions that extend far beyond the mere providing of biographical information and billing rates."  DE 230 at 2.  Defendants also argue that "Plaintiff is well aware that the $30 million it seeks in damages in this action bears no relationship to the amount, if any, it stands to collect if it secures a judgment in its favor and seeks to enforce the judgment against the Defendants' non-exempt assets.  As it has done for the past three (3) years, Plaintiff continues to portray this lawsuit as something it is not."  *Id.*

---

($774,871 - $84,399 = $690,472).  This is explained by the fact that Plaintiff has removed from the instant application the $15,000 amount it previously sought for preparation of the previous iteration of the fee application.  *See* DE 225 at 15.

### 3.   *Applicable Law: The Lodestar Analysis*

The Court has discretion to determine the amount of attorneys' fees appropriate to satisfy a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In adjudicating a motion for attorneys' fees, both the Second Circuit and the Supreme Court have held that "the lodestar method — the product of a reasonable hourly rate and the reasonable number of hours required by the case — creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2007)). The Court should determine the "presumptively reasonable fee" by looking to "what a reasonable paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 183-84.

### a.   **Reasonable Hourly Rate**

In determining reasonable hourly rates, the Court considers this Circuit's adherence to the "forum rule," which states that a district court should generally use the prevailing hourly rates in the district where it sits. *See Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 175-76 (2d. Cir. 2009); *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983); *see also Joseph v. HDMJ Restaurant, Inc.*, No. 09 Civ. 240, 2013 WL 4811225, at *19 (E.D.N.Y. Sept. 9, 2013) (internal citations omitted); *Pinzon v. Paul Lent Mechanical Sys.*, No. 11 Civ. 3384, 2012 WL 4174725, at *5 (Aug. 21, 2012), *adopted by* 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012). "Prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour." *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, No. 09-CV-3312, 2018 WL 2766139, at *7 (E.D.N.Y. June 8, 2018); *see Incredible Foods Grp., LLC v. Unifoods, S.A. De C.V.*, No. 14-CV-5207, 2016 WL 4179943, at *3 (E.D.N.Y. Aug. 5, 2016); *Valdez v. H & S Rest. Operations, Inc.*, No. 14 CV 4701, 2016 WL 3079028, at *8 (E.D.N.Y. Mar. 29, 2016), *report and recommendation adopted*, 2016 WL 3087053 (E.D.N.Y. May 27, 2016);

*OneWest Bank, N.A. v. Denham* No. CV 14-5529, 2015 WL 5562980, at *12 (E.D.N.Y. Aug. 31, 2015), *adopted by* 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015); *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation Pension & Welfare Funds v. L&P Interiors, Inc.*,  No. CV 14-3316, 2015 WL 5562316, at *13 (E.D.N.Y. Aug. 14, 2015), *adopted by* 2015 WL 5562340 (E.D.N.Y. Sept. 18, 2015); *Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.*, No. 09 Civ. 5251, 2014 WL 1514235, at *14 (E.D.N.Y. Apr. 16, 2014) (collecting cases).

"Some judges 'have recognized slightly higher ranges in this district of $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates.'" *Safeco Ins. Co. of Am.*, 2018 WL 2766139, at *7 (internal quotation marks omitted) (quoting *Small v. New York City Transit Auth.*, No. 09 Civ. 2139, 2014 WL 1236619, at *5 (E.D.N.Y. Mar. 25, 2014)); *Eichenblatt v. Kugel*, No. 17 CV 559, 2018 WL 3202079, at *10 (E.D.N.Y. May 15, 2018) ("Prevailing hourly rates for attorneys in the Eastern District of New York typically range "from $300 to $450 for partners [and] $200 to $300 for senior associates."); *see Nicaisse v. Stephens & Michaels Associates, Inc.*, No. CV 14-1570, 2016 WL 4367222, at *4 (E.D.N.Y. June 9, 2016), *report and recommendation adopted*, No. 14-CV-1570, 2016 WL 4275687 (E.D.N.Y. Aug. 12, 2016).

Although the Second Circuit has not recently revisited the issue of what constitutes a reasonable fee within this district since its discussion in *Konits v. Karahalis*, 409 Fed. App'x 418, 422-23 (2d Cir. 2011) (summary order), which affirmed a district court decision holding that the prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour, a number of district courts within this district continue to rely, in part, on *Konits* in determining the appropriate range of fees.  *See Morales v. B&M Gen. Renovation Inc.*, No. 14 CV 7290, 2016 WL 1266624, at *11 (E.D.N.Y. Mar. 9,

2016) (relying, in part, on *Konits* and finding that "the prevailing hourly rate for partners in this district is between $300 and $400"), *report and recommendation adopted*, 2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016); *Incredible Foods Grp., LLC*, 2016 WL 4179943, at *3 (same); *Valdez*, 2016 WL 3079028, at *8 (same); *Litkofsky v. P & L Acquisitions, LLC*, No. CV 15 5429, 2016 WL 7167955, at *9 (E.D.N.Y. Aug. 19, 2016), *report and recommendation adopted sub nom. Ira Litkofsky v. P & L Acquisitions LLS*, No. CV 15-5429, 2016 WL 7168069 (E.D.N.Y. Dec. 8, 2016) (same); *Gesualdi v. Paladin Constr. Corp.*, No. CV 14-7291, 2016 WL 943589, at *11 (E.D.N.Y. Feb. 18, 2016), *report and recommendation adopted*, 2016 WL 953261 (E.D.N.Y. Mar. 11, 2016) (same).[4]

With the forum rule as a guide, courts also "take into account case-specific factors to help determine the reasonableness of the hourly rates and the number of hours expended." *Pinzon*, 2012 WL 4174725, at *5; *United States v. City of New York*, No. 07-CV-2067, 2013 WL 5542459, at *6 (E.D.N.Y. Aug. 30, 2013) ("In addition to the prevailing market rates, the court must also consider case-specific factors."). These factors include:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such

---

[4]   As to paralegals, courts in the Eastern District of New York have held that a range of $70 to $100 per hour is a reasonable fee in matters such as this. *See Sciascia*, 2014 WL 940721, at *10 (finding $100 hourly rate for paralegals reasonable in ERISA matter); *Ferrara v. Prof'l Pavers Corp.*, No. 11 Civ. 1433, 2013 WL 1212816, at *5 (E.D.N.Y. Mar. 23, 2013) (internal citations omitted) ("Recently, reasonable hourly rates in this district have ranged from . . . $70 to $100 for paralegals."); *Valdez*, 2016 WL 3079028, at *8.

as reputation, etc.) that an attorney might expect from the representation.

*Arbor Hill*, 522 F.3d at 184. *See Div. 1181 Amalgamated Transit Union-New York Employees Pension Fund v. D & A Bus Co., Inc.*, 270 F. Supp. 3d 593, 618 (E.D.N.Y. 2017). Additionally, courts should consider:

> (1) [T]he time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[5]

---

[5] These are the 12 factors initially set out by the Fifth Circuit in *Johnson v. Georgia Highway Express. Inc*., 488 F.2d 714 (5th Cir. 1974). While the Second Circuit in *Arbor Hill* stated that "in determining what rate a paying client would be willing to pay, the district court should consider, among others, the Johnson factors," 522 F.3d at 190, "[t]he Supreme Court recently approved the lodestar approach over the more discretionary approach that had been adopted by the 5th Circuit in [*Johnson*]." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 506 (S.D.N.Y. 2012) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010)). Yet the 12 *Johnson* factors appear to remain part of a comprehensive approach to determining the rate a reasonable client would be willing to pay. *See, e.g., New York City Dist. Council of Carpenters*, No. 16-CV-3429, 2018 WL 3768586, at *2 (E.D.N.Y. July 23, 2018), *report and recommendation adopted sub nom.* No. 16-CV-3429, 2018 WL 3785331 (E.D.N.Y. Aug. 8, 2018); *Gutierrez v. Taxi Club Management, Inc.*, 17 Civ. 532, 2018 WL 3432786, at *13 (E.D.N.Y. June 25, 2018), *report and recommendation adopted sub nom. Gutierrez v. Taxi Club Mgmt., Inc.*, No. 17-CV-0532, 2018 WL 3429903 (E.D.N.Y. July 16, 2018); *LBBW Luxemburg S.A. v. Wells Fargo Sec. LLC*, No. 12CV7311, 2016 WL 5812105, at *5 (S.D.N.Y. Sept. 22, 2016); *Finkel v. Rico Elec., Inc.*, No. 11 CV 4232, 2012 WL 6569779, at *13 (E.D.N.Y. Oct. 1, 2012), *report and recommendation adopted*, No. 11 CV 4232, 2012 WL 6561270 (E.D.N.Y. Dec. 17, 2012).

*Gomez v. Midwood Lumber & Millwork, Inc.*, No. 17-CV-3064, 2018 WL 3019877, at *4

(E.D.N.Y. June 17, 2018) (citing *Bogosian v. All Am. Concessions,* No. 06-CV 1633, 2012 WL

1821406, at *2 (E.D.N.Y. May 18, 2012)); *Arbor Hill*, 522 F.3d at 190.  "The party seeking

reimbursement of attorneys' fees must demonstrate the reasonableness and necessity of hours

spent and rates charged." *Finkel v. Omega Comm'n Svcs., Inc.*, 543 F. Supp. 2d 156, 164

(E.D.N.Y. 2008) (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d

1136 (2d Cir. 1983)).

### b.      Reasonableness of Hours Billed

To determine whether the number of hours spent by counsel on a given task was

reasonable, the Court must "use [its] experience with the case, as well as [its] experience with the

practice of law, to assess the reasonableness of the hours spent . . . in a given case." *Fox Indus.,

Inc. v. Gurovich*, No. 03 Civ. 5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting

*Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)).  A court should "exclude hours that were

'excessive, redundant, or otherwise unnecessary' to the litigation." *Cho v. Koam Medical Servs.

P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (quoting *Hensley*, 461 U.S. at 434); *Barbu v.

Life Ins. Co. of N. Am.*, No. 12-CV-1629, 2015 WL 778325, at *4 (E.D.N.Y. Feb. 24, 2015).

Likewise, where counsel relies on vague or excessive entries or block billing practices which

make it difficult for a court to assess reasonableness, an across-the-board fee reduction is

warranted. *Anderson v. Cty. of Suffolk*, No. CV 09-1913, 2016 WL 1444594, at *6 (E.D.N.Y.

Apr. 11, 2016) (recognizing that where "counsel relies on vague entries and block billing, courts

are unable to review hours for reasonableness" and noting that "[c]ourts have imposed reductions

as high as 40% based solely on vague billing entries"); *see Barbu*, 2015 WL 778325, at *5

(imposing a 33% reduction in total hours based upon vague entries and block billing); *Caban v.

Employee Sec. Fund of the Elec. Products Indus. Pension Plan*, No. 10–CV–389, 2015 WL

14

7454601, at *8 (E.D.N.Y. Nov. 23, 2015) (imposing a 33% reduction in overall hours spent due to block billing, vague entries, and excessive time spent on certain routine tasks); *Gagasoules v. MBF Leasing LLC*, 296 F.R.D. 107, 112 (E.D.N.Y. 2013) (imposing a 40% reduction due to vague and unrelated entries); *see also Ritchie v. Gano*, 756 F. Supp. 2d 581, 583 (S.D.N.Y. 2010) (reducing attorneys' fees award by 40% and holding that "[i]n the instance where a court has directed parties to parse out records to clearly state how much time the attorneys spent on each claim, and the parties have done so insufficiently and have referred to an unrealistic volume of hours as 'inextricably intertwined' with many claims, the court may also decrease the requested award amount"); *DeVito v. Hempstead China Shop, Inc.*, 831 F. Supp. 1037, 1045 (E.D.N.Y. 1993) (reducing attorneys' fee request by 40% due to duplication of work, vague descriptions of some of the work performed and the necessity of the work).

Further, where counsel seeks compensation for time spent completing administrative tasks or work that should have been accomplished by a less-skilled practitioner, "[u]niform percentage cutbacks are warranted." *De La Paz v. Rubin & Rothman*, LLC, No. 11 Civ. 9625, 2013 WL 6184425, at *4 (S.D.N.Y. Nov. 25, 2013); *see Chavez*, 2016 WL 1171586, at *5 (reducing total hours by 30 % since "much of the work in this case could have been conducted by a less experienced associate billing at a significantly lower rate" and because "some of the work appears to be duplicative of work conducted in other similar FDCPA cases handled by the same counsel"); *Barshay v. Specified Credit Assocs. I, Inc.*, No. CV 15-1044, 2016 WL 3578993, at *3 (E.D.N.Y. June 3, 2016) (reducing total hours claimed in FDCPA action by 20% in light of the duplicative nature of the work, the fact that many of the tasks could have been accomplished by "a less experienced associate," and based upon the overall lack of care taken in preparation of materials submitted to the court), *report and recommendation adopted sub nom. Barshay v. Specified Credit Assocs. 1, Inc.*, No. 15-CV-1044, 2016 WL 3582058 (E.D.N.Y. June 28, 2016).

15

The party seeking an award of attorneys' fees bears the burden of documenting "the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." *Cho*, 524 F. Supp. 2d at 209 (internal citations, quotations, and alteration omitted).

### 4.    *Discussion*

#### a.    **Categories of Recoverable Expenses**

The Court begins its discussion where Judge Seybert left off.  Judge Seybert determined that 11 of the 14 categories of expenses for which Plaintiff seeks to recover are "reasonably related to Plaintiff's spoliation motion."  DE 225 at 15.  Plaintiff's supplemental filings at DE 298, which constitute the most up-to-date iteration of Plaintiff's fee application, seek recovery for ten of the 11 categories of expenses already determined by Judge Seybert to be within the scope of recoverable expenses.  The only category of costs for which Plaintiff does not seek to recover are costs associated with the filing of the instant motion, or the previous iteration of the instant motion.  This amount was $15,000.00 in the earlier iteration of the motion. *See* DE 184.  Because Judge Seybert has already determined that the expenses Plaintiff seeks to recover are reasonably related to the prosecution of the sanctions motion, the Court does not address this subject further.

#### b.    **Hourly Rates of the Attorneys**

As directed by Judge Seybert, Plaintiff's supplemental filings include biographical information of the attorneys for whom Plaintiff seeks to recover.  *See* DE 225.  However, before addressing the qualifications of the individual attorneys, the Court addresses Plaintiff's argument that certain case-specific factors in this lawsuit militate in favor of significantly higher than normal rates for all categories of attorneys and staff working on this case.  *See* DE 184 at 17-20.

16

Plaintiff argues that the fees requested are consistent with what the Bankruptcy Court approved (in this lawsuit's preceding bankruptcy action) when Plaintiff's counsel was selected to represent the Committee prior to substitution of the Plan Administrator. *Id.* at 20. Additionally, Plaintiff points to, *inter alia*, the amount of money in controversy in this suit, the complexity of the proceedings and issues involved, and the fact that Plaintiff prevailed on its request for an adverse inference, *see id.* at 18-19, to support its fee application. However, the Court is compelled to point out the hourly rates requested are, in almost every instance, more than double the standard hourly rates for attorneys in the Eastern District of New York: $640/hour – $940 per hour for partner John Roesser; $755 per hour for senior associate Daniel Ostrow; $630 – $655 per hour for senior associate Louis Russo; $465 – $620 for associate Michael Igyarto; $505 per hour for associate Eshan Ali; $405 – $470 per hour for associate Bethany Simmons; and $425 per hour for associate John Cheever. *See generally* Roesser Decl.; DE 228.

The Court does not dispute that the issues in this case are complex. However, this fee application is not directed to the underlying causes of action or the merits of the case. Counsel has been permitted to make this fee application because the Court found that sanctions were warranted based on a discovery violation involving spoliation of evidence. Although addressing the violations encompassed some detailed investigative work, the work itself was not "complex," and respectfully has no relationship to counsels' expertise in bankruptcy and fraud cases. Consequently, there is no basis warranting such a drastic departure -- nor can the Court located any authority to support such a departure in these circumstances -- from the presumptively reasonable hourly rates for this district.

While the Second Circuit has permitted district courts to use higher out-of-district rates "if it is clear that a reasonable, paying client would have paid those higher rates," *Arbor Hill*, 522 F.3d at 191, the forum rule "is a presumption that can only be overcome if the litigant

'persuasively establish[es] that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result.'" *Castcapa Constr., LLC v. TMB Servs. Ltd. Liab. Co.*, No. 17 CV 1023, 2018 WL 623546, at *2 (E.D.N.Y. Jan. 30, 2018) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)). "Unless this presumption is rebutted, district courts in the Eastern District cannot rely on prevailing hourly rates from the Southern District in order to determine fee awards for litigation situated in the Eastern District." *246 Sears Rd. Corp. v. Exxon Mobil Corp.*, No. 09-CV-889, 2013 WL 4506973, at *10 (E.D.N.Y. Aug. 22, 2013).

In the Court's view, Plaintiff has not successfully rebutted the presumption of the forum rule. Counsel's briefing on this issue, *see* DE 184 at 18-20, fails to address how selection of out-of-district counsel was *likely* to result in a better outcome for Plaintiff, particularly with respect to the issues giving rise to the underlying sanctions motion. Rather, counsel simply notes the "Bankruptcy Court's prior approval of counsel located in the S.D.N.Y."[6] *Id.* at 20. Moreover, even if the Court were to apply rates commensurate with those charged in the Southern District of New York, such rates would likely still fall below those charged by counsel in the instant case. *See HTV Indus., Inc. v. Agarwal*, No. 17-CV-3635, 2018 WL 2976013, at *1 (S.D.N.Y. June 13, 2018), *as amended* (June 18, 2018) (finding hourly rate of $495 for attorney with 23 years of experience in commercial matter to be appropriate); *Weiwei Gao v. Sidhu*, No. 11 CIV. 2711, 2013 WL 2896995, at *6 (S.D.N.Y. June 13, 2013) (finding hourly rate of $550 reasonable for attorney who had primary responsibility in a breach-of-contract commercial litigation case); *N.Y. Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc.*, 657 F. Supp. 2d 410,

---

[6]  On this issue, Plaintiff has failed to point to any authority authorizing this Court to depart from the forum rule simply because the Bankruptcy Court approved appointment of counsel from a different district at higher, out-of-district rates.

424 (S.D.N.Y. 2009) (granting summary judgment in ERISA failure to pay fringe benefit case and awarding $425 per hour for partners, $300 per hour for associates and $150 per hour for paralegals).

Apart from application of rates commensurate with those charged in the Southern District, the Court does not believe that case-specific factors in the instant matter justify exceeding the standard hourly rates for *this* district. It would be extraordinary to do so and would be of little help in getting counsel close to the high-end rates billed here.

Having determined that the forum rule guides the instant analysis and that rates commensurate with those charged in the Eastern District of New York are appropriate here, the Court moves on to address the qualifications of individual counsel and to determine reasonable hourly rates accordingly for each.

### i. *John D. Roesser*

John D. Roesser is a partner of Dechert LLP. DE 228 at 2. Attorney Roesser received his law degree in 1995 and has over 20 years of experience as a complex litigator and arbitration practitioner. *Id*. Attorney Roesser has experience in complex disputes, including in litigation and arbitration involving fraud and breaches of fiduciary duty against officers and directors. *Id*. He also has experience with disputes involving financial institutions. *Id*. During the time period relevant to Plaintiff's fee application, Attorney Roesser billed at rates between $640 and $940 per hour. *Id*. Since the prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 - $450 per hour, the Court finds an hourly rate of $450 to be appropriate for Attorney Roesser's time spent on the underlying spoliation motion. *See Eichenblatt*, 2018 WL 3202079, at *10; *Incredible Foods Grp., LLC*, 2016 WL 4179943, at *3; *Valdez*, 2016 WL 3079028, at *8.

### ii.     Daniel Ostrow

At all times relevant to the fee application, Attorney Ostrow was employed as a senior associate of Arnold & Porter LLP.  DE 228 at 3.  Attorney Ostrow received his law degree in 2005, and was a member of the litigation and white collar practice groups of Arnold & Porter, focusing on corporate compliance, internal investigations, and enforcement.  *Id*. During the time period relevant to the fee application, Attorney Ostrow billed at a rate of $755 per hour.  *Id*. Given Attorney Ostrow's level of experience as a senior associate, the Court determines that $325 per hour is an appropriate and reasonable hourly rate for him.  *See Eichenblatt*, 2018 WL 3202079, at *10.

### iii.     Louis Russo

At all times relevant to the fee application, Attorney Russo was employed as a senior associate of Winston & Strawn LLP and Alston & Bird LLP.  DE 228 at 3.  Attorney Russo received his law degree in 2007, and was a member of the litigation and international arbitration practice groups, with experience in complex, fraud-based disputes.  *Id*.  During the time period relevant to the fee application, Attorney Russo billed at rates between $630 and $655 per hour. As a senior associate with less experience than Attorney Ostrow, the Court determines that a rate of $300 per hour is an appropriate and reasonable hourly rate for Attorney Russo.

### iv.     Michael Igyarto

Michael Igyarto is an associate of Dechert LLP, and has been employed as an associate at all times relevant to the fee application.  DE 228 at 3.  Attorney Igyarto received his law degree in 2012, and is a member of the litigation and international arbitration practice groups, with experience in complex fraud-based disputes.  *Id*.  During the time period relevant to the fee application, Attorney Igyarto billed at rates between $465 and $620 per hour.  *Id*.  As an

associate with six or fewer years of experience at the times relevant to the sanctions motion, the Court determines that $250 per hour is an appropriate and reasonable rate for Attorney Igyarto.

### v.      Eshan Ali

Eshan Ali is an associate at Arnold & Porter LLP, and was employed as an associate at all times relevant to the Fee Application. DE 228 at 3.  Attorney Ali received his law degree in 2014 and is a member of the litigation and white collar practice groups, with experience in complex commercial litigation and arbitration, and conducting internal investigations.  *Id*. at 3-4. During the time period relevant to the fee application, Attorney Ali billed at a rate of $505 per hour.  *Id*. at 4.   Prevailing hourly rates for junior associates in this district are $100 - $200 per hour.  *See Small v. New York City Transit Auth.*, No. 09 Civ. 2139, 2014 WL 1236619, at *5 (E.D.N.Y. Mar. 25, 2014).  Attorney Ali has been practicing law for fewer than five years and the Court finds that an hourly billing rate of $200 is reasonable and appropriate for him.

### vi.      Bethany Simmons

Bethany Simmons is currently an associate of Loeb & Loeb LLP.  However, at all times relevant to the fee application, Attorney Simmons was employed as an associate at Alston & Bird LLP.  DE 228 at 4.  Attorney Simmons received her law degree in 2012 and focuses her practice on bankruptcy, corporate reorganizations, creditors' rights and commercial litigation, representing debtors, secured and unsecured creditors, indentured trustees, collateral managers, asset purchasers, and committees.  *Id*.  During the time period relevant to the fee application, Attorney Simmons billed at rates between $405 and $470 per hour.  *Id*.  As an associate with six or fewer years of experience at the times relevant to the sanctions motion, the Court determines that $250 per hour is an appropriate and reasonable rate for Attorney Simmons.

### vii.     John Cheever

John Cheever is an associate of Arnold & Porter LLP and was employed as an associate at all times relevant to the fee application.  DE 228 at 4.  Attorney Cheever received his law degree in 2012 and is a member of the litigation practice group, focusing on complex product liability litigation.  *Id.*  During the time period relevant to the fee application, Attorney Cheever billed at a rate of $425 per hour.  *Id.*  Since Attorney Cheever's area of expertise -- complex products liability -- does not appear to overlap with the subject matter of the underlying lawsuit or the sanctions motion, and since he is a junior associate, the Court finds that an hourly rate of $200 is appropriate.

### c.     Reasonableness of Hours Billed

As noted above, "[t]he party seeking reimbursement of attorneys' fees must demonstrate the reasonableness and necessity of hours spent and rates charged."  *Finkel,* 543 F. Supp. 2d at 164 (citing *Carey,* 711 F.2d at 1148).  Plaintiff's counsel has organized his fee application by category of expense, specifically as follows:  Exhibit A [DE 298-1] of Plaintiff's supplemental filing contains contemporaneous billing records for hours billed conducting preliminary analysis regarding preservation obligations; Exhibit B [DE 298-2] contains contemporaneous billing records for hours billed analyzing PwC's initial deletion analysis; Exhibit C [DE 298-3] contains contemporaneous billing records for hours billed preparing the sanctions motion papers; Exhibit D [DE 298-4] contains contemporaneous billing records for hours billed preparing cross-motion opposition papers; Exhibit E [DE 298-5] contains contemporaneous billing records for hours billed preparing for the depositions of experts Weinstein and Lee; Exhibit F [DE 298-6] contains contemporaneous billing records for hours billed while preparing for the continued deposition of Mrs. Haltman; Exhibit G [DE 298-7] contains contemporaneous billing records for hours billed preparing objections to this Court's Report and Recommendation on the sanctions motion;

Exhibit H [DE 298-8] contains contemporaneous billing records for hours billed preparing Plaintiff's opposition to Defendants' motion for reconsideration; Exhibit I [DE 298-9] contains bills from third-party vendor PwC related to the sanctions motion and cross-motion, as well as the April 2015 depositions of Mrs. Haltman and experts Weinstein and Lee; and Exhibit J [DE 298-10] contains records of costs associated with the sanctions motion. *See generally* DE 298. The Court will organize its analysis in the same manner for purposes of clarity.

        **i.**         *Billing Entries Related to Preliminary Analysis regarding Preservation Obligations*

In this category, Plaintiff seeks fees of $4,857 for the following hours billed at the following rates:

- Bethany Simmons:  5 hours at $405/hour

- Lou Russo:  3 hours at $620/hour

- John Roesser:  3 hours at $650/hour

*See* Roesser Decl. at 2. The contemporaneous billing records for this category of expenses, limited where indicated by Plaintiff to only those hours for which recovery is sought, indicate that Attorney Simmons billed a total of 4.3 hours for "research" into preservation, Attorney Russo billed a total of 2.3 hours for email exchange, and work relating to the "Linda Haltman Jan 2013 deposition transcript," and Attorney Roesser billed a total of 3.4 hours for different issues relating to discovery, discovery motions, and preservation. *See id.*, Ex. A. The Court finds that the hours actually billed in this category are reasonable, and recommends a fee award of **$3,295** for this category of expenses, calculated as the total of the following hours billed at the following rates:

- Bethany Simmons:  4.3 hours x $250/hour = $1,075

- Lou Russo:  2.3 hours x $300/hour = $690

- John Roesser:  3.4 hours x $450 = $1,530

> ii.     ***Billing Entries Related to Analyzing PwC's Initial Deletion Analysis***

In this category, Plaintiff seeks fees of $38,036 for the following hours billed at the following rates:

- Bethany Simmons:  5 hours at $470/hour

- Lou Russo:  39 hours at $655/hour

- John Roesser:  12 hours at $825/hour

*See* Roesser Decl. at 3.  Plaintiff also seeks recovery for approximately 8 hours billed by librarian Tina Zoccali and paralegal Leslie Salcedo, at $195/hour and $395/hour, respectively. *See id*; *id.*, Ex. B at 9 and 17.  Plaintiff does not provide any biographical information for these individuals.  The Court therefore recommends awarding Plaintiff fees for 8 hours billed by Tina Zoccali and Leslie Salcedo at a rate of $100 per hour in accordance with Eastern District billing rates.

The contemporaneous billing records for this category of expenses, limited where indicated by Plaintiff to only those hours for which recovery is sought, indicate that Attorney Simmons billed 5 hours for issues relating to analysis of the hard drive, Attorney Russo billed 38.7 hours for issues relating to forensic analysis of the hard drive, and Attorney Roesser billed 13.6 hours for different issues relating to discovery, the PwC analysis, and potential experts.  *See* Roesser Decl., Ex. B.  The Court finds that the hours actually billed in this category for Attorney Simmons and Roesser are reasonable.  However, the Court finds Attorney Russo's hours to be excessive and reduces those hours to 20.  The Court therefore recommends a fee award of **$13,450.00** for this category of expenses, calculated as the total of the following hours billed at the following rates:

- Bethany Simmons:  5 hours x $250/hour = $1,250

- Lou Russo:  20 hours x $300/hour = $6,000

- John Roesser:  12 hours x $450/hour = $5,400

- Paralegal/Librarian:  8 hours x $100/hour = $800

### iii. *Billing Entries Related to Preparing the Sanctions Motion Papers*

In this category, Plaintiff seeks fees of $334,648, for the following hours billed at the following rates:

- John Cheever:  25 hours at $425/hour

- Michael Igyarto:  230 hours at rates from $465/hour to $540/hour

- Bethany Simmons:  1 hour at $470/hour

- Daniel Ostrow: 62 hours at $755/hour

- John Roesser:  144 hours at $895/hour

*See* DE Roesser Decl. at 3-4.  The Court finds excessive not only the number of attorneys billing for this work, but the number of hours counsel claimed was billed (462 hours) as well.

Plaintiff also seeks recovery for approximately 6 hours billed by staff attorney Anthony D. Boccanfuso at $510/hour, and approximately 89 hours collectively billed by librarian Angel Cancela, and paralegals Kelly S. Moore, Louis Champagne, and Rodney Ellis, at rates ranging from $280 - $350 per hour.  *Id.*  Once again, Plaintiff does not provide any biographical information for Attorney Boccanfuso, nor does Plaintiff provide any satisfactory discussion of the actual work he did.  Similarly, such information is again not provided for the librarian/paralegals.  The Court further finds 89 hours billed by the latter group to be excessive. The Court recommends awarding 45 hours for this group at a rate of $100 per hour.  The Court declines to recommend a fee award for staff attorney Boccanfuso's time.

The contemporaneous billing records for this category of expenses, limited where indicated by Plaintiff to only those hours for which recovery is sought, indicate that Attorney Simmons billed 0.1 hours to confer regarding the sanctions motion, Attorney Cheever billed 24.4 hours for various tasks, Attorney Igyarto billed 229.8 hours for various tasks, Attorney Ostrow billed 71.6 hours for various tasks, and Attorney Roesser billed 137.6 hours for various tasks. *See* Roesser Decl., Ex. C.  Initially, the Court finds these hours to be excessive and, in many places, illustrative of block billing.  This is especially so with regard to Attorney Igyarto's entries, which frequently appear in blocks of 10 hours or more.  The Court therefore determines that for this category of fees, an across-the-board fee reduction of 40% is appropriate.  *Cho*, 524 F. Supp. 2d at 209 (quoting *Hensley*, 461 U.S. at 434) (explaining that a court should "exclude hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation"); *Anderson*, 2016 WL 1444594, at *6 (recognizing that where "counsel relies on vague entries and block billing, courts are unable to review hours for reasonableness" and noting that "[c]ourts have imposed reductions as high as 40% based solely on vague billing entries"); *see Barbu*, 2015 WL 778325, at *5 (imposing a 33% reduction in total hours based upon vague entries and block billing); *Caban*, 2015 WL 7454601, at *8 (imposing a 33% reduction in overall hours spent due to block billing, vague entries, and excessive time spent on certain routine tasks); *Gagasoules*, 296 F.R.D. at 112 (imposing a 40% reduction due to vague and unrelated entries).

The Court therefore finds a fee award of **$91,212.00** for this category of expenses is appropriate, calculated as a 40% reduction of the total of the following hours billed at the following rates:

- John Cheever:  24.4 hours x $200/hour = $4,880

- Michael Igyarto:  229.8 hours x $250/hour = $57,450

- Bethany Simmons:  0.1 hour at $250/hour = $0 (excluded)

- Daniel Ostrow:  71.6 hours x $325/hour = $23,270

- John Roesser:  137.6 hours x $450/hour = $61,920

- Librarian/Paralegals:  45 hours x $100/hour = $4,500

### iv.    Billing Entries related to Preparing the Cross-Motion Papers

In this category, Plaintiff seeks fees of $41,463, for the following hours billed at the following rates:

- Michael Igyarto:  51 hours at $540/hour

- John Roesser:  10 hours at $895/hour

*See* Roesser Decl. at 4.  Plaintiff also seeks recovery for 5 hours billed by staff attorney Anthony D. Boccanfuso at $510/hour, and 13 hours collectively billed by paralegals Louis Champagne and Rodney Ellis, at rates of $285/hour and $350/hour, respectively.  *Id*.  Again, Plaintiff does not provide any biographical information for these individuals.  The Court recommends that Plaintiff be awarded $100 for 13 paralegal hours, for a sum of $1,300.00 and that no fees be awarded for Attorney Boccanfuso's time.

The contemporaneous billing records for this category of expenses, limited where indicated by Plaintiff to only those hours for which recovery is sought, indicate that Attorney Igyarto billed 51 hours with respect to preparing opposition to the cross-motion and Attorney Roesser billed 9.6 hours on work with respect to the opposition brief.  *See* Roesser Decl., Ex. D.  However, Attorney Igyarto's records again suffer from instances of block billing.  For example, of the six entries in this category, three are entries above 12 hours each:  12.1, 14.8, and 14.4 hours.  *See id*.  Because of this, the Court finds a 25% reduction in the fee award with respect to Attorney Igyarto's fees to be appropriate.  The Court recommends a fee award of **$15,182.50** for

this category of expenses, calculated as the total of the following hours billed at the following rates:

- Michael Igyarto:  51 hours x $250/hour x .75 = $9,562.50

- John Roesser:  9.6 hours x $450/hour = $4,320

- Paralegal: 13 hours x $100/hour = $1,300

> ### v.    *Billing Entries Related to Preparation for the Depositions of Experts Weinstein and Lee*

In this category of expenses, Plaintiff seeks fees of $93,349, for the following hours billed at the following rates:

- Michael Igyarto:  66 hours at $540/hour

- John Roesser:  62 hours at $895/hour

*See* Roesser Decl. at 5.  Plaintiff also seeks recovery for 62 hours billed by paralegal Louis Champagne at a rate of $285 per hour.  *Id*.  Again, Plaintiff fails to provide biographical information for this individual.  The Court recommends awarding Plaintiff a fee for paralegal hours at $100 per hour, for a total of $6,200.

The contemporaneous billing records for this category of expenses, limited where indicated by Plaintiff to only those hours for which recovery is sought, indicate that Attorney Igyarto billed 65.9 hours with respect to preparation for these depositions and Attorney Roesser billed 59.6 hours on work with respect to the same.  *See* Roesser Decl., Ex. E.  The Court finds that this category of expenses is entirely peripheral to the subject matter of the underlying sanctions motion, keeping in mind that the focus of the fee application was directed to fees expended in making the motion.  Moreover, the Court finds that spending approximately 125 attorney hours to prepare for two depositions is entirely excessive.  As a result, the Court finds a 75% reduction in the fee award for this category of expenses to be appropriate.  The Court

28

recommends a fee award **$12,373.75**, calculated as a 75% reduction of the following hours billed at the following rates:

- Michael Igyarto:  65.9 hours x $250/hour = $16,475

- John Roesser:  59.6 hours x $450/hour = $26,820

- Paralegal:  62 hours x $100/hour = $6,200

### vi.    *Billing Entries Related to Preparation for Mrs. Haltman's Continued Deposition*

Plaintiff states that it is seeking only 20% of fees incurred for this task.  Roesser Decl. at 6.  Plaintiff seeks fees of $3,601, which is 20% the following hours billed at the following rates:

- Michael Igyarto:  19 hours at $540/hour

- John Roesser:  9 hours at $895/hour

*See id.*  Examining Plaintiff's contemporaneous billing records, Plaintiff seeks to recover for 3.8 hours billed by Attorney Igyarto, and 1.8 hours billed by Attorney Roesser, *see id.*, Ex. F, these hours being approximately 20% of the time billed as claimed in Attorney Roesser's Supplemental Declaration.  *Id.* at 6.  The Court finds the hours billed by Plaintiff and for which it seeks recovery, namely, 3.8 hours for Attorney Igyarto and 1.8 hours for Attorney Roesser, to be reasonable, and accordingly awards fees for this category of **$1,760** for this category of expenses, calculated as the total of the following hours billed at the following rates:

- Michael Igyarto:  3.8 hours x $250/hour = $950

- John Roesser:  1.8 hours x $450/hour = $810

### vii.    *Billing Entries Related to Objecting to the Report and Recommendation*

In this category of expenses, Plaintiff seeks fees of $36,952, for the following hours billed at the following rates:

- Michael Igyarto:  20 hours at $540/hour

- John Roesser:  22 hours at $895/hour

*See* Roesser Decl. at 6-7.  Plaintiff also seeks to recover for 19 hours billed by paralegals Louis Champagne and Rodney Ellis, at rates of $285 and $350 per hour, respectively.  *Id.* at 6. Plaintiff does not provide any biographical information for these individuals.  The Court recommends that Plaintiff be awarded $1,900 for these paralegal hours, calculated as a total of 19 hours at a rate of $100 per hour.

The contemporaneous billing records for this category of expenses, limited where indicated by Plaintiff to only those hours for which recovery is sought, indicate that Attorney Igyarto billed 19.8 hours on work related to responding to the Report and Recommendation, and Attorney Roesser billed 21.5 hours on work in the same category.  *See* Roesser Decl., Ex. G. The Court determines that the hours actually billed in this category are reasonable, and recommends a fee award of $**16,525.00** for this category of expenses, calculated as the total of the following hours billed at the following rates:

- Michael Igyarto:  19.8 hours x $250/hour = $4,950

- John Roesser:  21.5 hours x $450/hour = $9,675

- Paralegals:  19 hours x $100/hour = $1,900

### viii.    *Billing Entries Related to Opposing Defendants' Motion for Reconsideration*

In this category, Plaintiff seeks fees of $43,261, for the following hours billed at the following rates:

- Michael Igyarto:  31 hours at $620/hour

- John Roesser:  18 hours at $940/hour

- Eshan Ali:  9 hours at $505/hour

*See* Roesser Decl. at 7.  Plaintiff also seeks recovery for 9 hours billed collectively by paralegals Louis Champagne and Rodney Ellis, rates of $300 and $355 per hour, respectively.  *Id.*  Again, Plaintiff does not provide any biographical information for these individuals.  Because the number of hours expended in this category is excessive, as noted below, the Court declines to recommend an award of fees for hours billed by the paralegals in this category.

The contemporaneous billing records for this category of expenses, limited where indicated by Plaintiff to only those hours for which recovery is sought, show that Attorney Igyarto billed 29.4 hours for work related to opposing Defendants' motion for reconsideration, Attorney Roesser billed 17.1 hours for work in the same category, and Attorney Ali billed 8.6 hours for work in the same category.  *See* Roesser Decl., Ex. H.  The Court finds that the hours expended (55.1) are excessive for this type of opposition to a motion, and reduces the total fee figure by 50%.  Accordingly, the Court recommends a fee award of **$8,382.50** for this category of expenses, calculated as 50% of the total of the following hours billed at the following rates:

- Michael Igyarto:  29.4 hours x $250/hour = $7,350

- John Roesser:  17.1 hours at $450/hour = $7,695

- Eshan Ali:  8.6 hours at $200/hour = $1,720

### ix.  *Third-Party Vendor Fees Related to Preparing for Mrs. Haltman's Continued Deposition*

Plaintiff seeks fees of $54,145 for fees paid to third-party vendor PwC related to the sanctions motion between January and May 2015, as well as to the April 2015 depositions of Mrs. Haltman and experts Weinstein and Lee.  Roesser Decl. at 7.  Specifically, Plaintiff submits two non-itemized invoices from PwC, one for $18,550.00 "[f]or professional services incurred in support of the Exeter Holding, Ltd. From January 27, 2015 through February 2, 2015," and one

for $39,595.00 "[f]or professional services incurred in support of the Exeter holding, Ltd. From February 3, 2015 to May 8, 2015." *Id.*, Ex. I. Plaintiff states "the itemized PwC bills reflect the strategy and work product of Plaintiff's attorneys and have not been included." *Id.* at 7-8. Rather, Attorney Roesser "declare[s] that the entirety of the 2015 PwC bills submitted herewith reflect work related to the Sanctions and Cross Motions, and/or the April 2015 depositions of Mrs. Haltman and Messrs. Weinstein and Lee." *Id.* at 8.

In the absence of any detailed, itemized information connecting the fees in the invoices to actual services provided, the Court is unable to determine how much if any of the fees sought are reasonably related to work on the underlying motion. The Court also notes that counsel has not attempted to provide the Court with redacted versions of these invoices, nor has he moved to file these documents under seal. The Court cannot recommend $54,145 in fees based on counsel's affirmation alone. Therefore, the Court declines to recommend a fee award for this category of expenses.

### x.  *Billing Entries Related to Costs*

Plaintiff also seeks a total of $25,520 for costs incurred related to the sanctions motion, cross-motion, April 2015 depositions, objections to the Report and Recommendation, and opposition to the motion for reconsideration. Roesser Decl. at 8. In support of this application, Plaintiff submits disbursement records indicating the following total costs broken down by category:

- Lexis Computer Research:  $12.43

- Westlaw Research:  $16,500.08

- Duplicating:  $1,762.95

- Filing Fees:  $150.00

- Witness Fees:  $150.00

- Other Computer Research:  $243.80

- Depositions and Transcripts:  $4,538.11

- Color Copies:  $3,114.00

*Id.*, Ex. J.

Whether to award legal research fees on a sanctions motion is within the Court's discretion.  *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, LTD.*, No. 07-CV-3208, 2010 WL 3925195, at *4 (E.D.N.Y. Sept. 9, 2010) (denying an award of legal research fees in the context of a Rule 11 sanctions motion and collecting cases), *report and recommendation adopted as modified*, No. 07-CV-3208, 2010 WL 3924674 (E.D.N.Y. Sept. 30, 2010), *aff'd*, 682 F.3d 170 (2d Cir. 2012).  The Court notes that in *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany,* 369 F.3d 91, 97 (2d Cir. 2004), the Second Circuit determined that legal research costs were recoverable in a fee award pursuant to a fee-shifting statute.  However, the Court finds that given the circumstances of this award -- a component of Rule 37 sanctions, rather than the product of a fee-shifting statute[7] -- legal research fees are

---

[7]   The Court's research has revealed several recent decisions in this district holding that even in the context of fee-shifting statutes, "courts in the Eastern District of New York have not permitted recovery of [Westlaw and LexisNexis research fees], following *U.S. ex rel. Use & Benefit of Evergreen Pipeline Constr. Co., Inc. v. Merritt Meridian Constr. Corp.,* 95 F.3d 153, 173 (2d Cir. 1996)."  *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314, 2015 WL 5561033, at *19 (E.D.N.Y. Sept. 1, 2015) (denying legal research fees as part of a fee award under the FLSA), *report and recommendation adopted*, No. 14 CV 3314, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015); *Hernandez v. NJK Contractors, Inc.*, No. 09-CV-4812, 2015 WL 5178119, at *6 (E.D.N.Y. Sept. 3, 2015) (citing *Korval v. Andy Constr., Inc.,* No. 05–CV–576, 2008 WL 4426996, at *4 (E.D.N.Y. Sept. 25, 2008) (same); *see Gutierrez v. Taxi Club Mgmt., Inc.*, No. 17 CIV. 532A, 2018 WL 3432786, at *14 (E.D.N.Y. June 25, 2018) ) (finding that pursuant to a fee award under Title VII and the NYCHRL, "[p]laintiff's request for reimbursement of Westlaw research costs is not reasonable given that such expenses should be part of a law office's overhead costs"), *report and recommendation adopted sub nom. Gutierrez v. Taxi Club Mgmt., Inc.*, No. 17-CV-0532, 2018 WL 3429903 (E.D.N.Y. July 16, 2018).

appropriately excluded from Plaintiff's fee award.  Accordingly, the Court declines to recommend an award for costs associated with legal research.

Given that the remainder of the costs for which Plaintiff seeks recovery are appropriately documented and otherwise reasonable, the Court recommends an award of costs in the amount of **$9,715.06**, calculated as the total of Plaintiff's costs associated with duplicating, filing, witnesses, depositions and transcripts, and color copies.

### d.   Summary of Fee Award

Based upon the foregoing examination, the Court respectfully recommends to Judge Seybert that Plaintiff's counsel be awarded **<u>$171,895.81</u>** in attorneys' fees and costs related to the prosecution of Plaintiff's sanctions motion.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court respectfully recommends to Judge Seybert that Plaintiff's Amended Motion for Attorneys' Fees be GRANTED, in accordance with this Report and Recommendation, and that Plaintiff's Amended Motion to Substitute be DENIED, as moot.

## V.   <u>OBJECTIONS</u>

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6(a), (e).  Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF.  **<u>A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joanna Seybert, and to the Chambers of the undersigned.  Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections</u>**. Failure to file objections will result in a waiver of those objections for purposes of appeal.

*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997),

*cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
      August 24, 2018

                            /s/ A. Kathleen Tomlinson
                            A. KATHLEEN TOMLINSON
                            U.S. Magistrate Judge