```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF EXETER HOLDING, LTD.,

                Plaintiff,
                                            MEMORANDUM & ORDER
        -against-                           13-CV-5475(JS)(AKT)

LINDA HALTMAN, et al.,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:         John D. Roesser, Esq.
                       Roesser PLLC
                       12 East 49th Street
                       New York, New York 10017

For Defendants:
Linda Haltman,         Marc A. Pergament, Esq.
Michael Haltman, &     Marc J. Weingard, Esq.
Samantha Haltman       Weinberg, Gross & Pergament, LLP
                       400 Garden City Plaza, Suite 403
                       Garden City, New York 11530

Larry Frank            Norma E. Ortiz, Esq.
                       Ortiz & Ortiz, L.L.P.
                       127 Livingston Street
                       Brooklyn, New York 11201

Bruce Frank            Bruce Frank, pro se
                       1926 South Pearl Street
                       Denver, Colorado 80210

Kathleen Frank         Kathleen Frank, pro se
                       1926 South Pearl Street
                       Denver, Colorado 80210

                       10295 Dowling Court
                       Highlands Ranch, Colorado 80126

Arnold & Sondra        Arnold & Sondra Frank, pro se
Frank Irrevocable      10873 Northgreen Drive
Trust                  Lake Worth, Florida 33449
```

SEYBERT, District Judge:

Upon referral from this Court (Oct. 8, 2019 Elec. Order), Magistrate Judge A. Kathleen Tomlinson recommends that the Court (1) DENY plaintiff The Official Committee of Unsecured Creditors of Exeter Holding, Ltd.'s ("Plaintiff") partial motion for summary judgment (Pl. Mot., D.E. 342) and (2) GRANT defendant Samantha Haltman's ("Samantha") motion for summary judgment (Def. Mot., D.E. 334). (Report and Recommendation ("R&R"), D.E. 358.) Plaintiff objects to the R&R in part. (Pl. Obj., D.E. 362). For the following reasons, Plaintiff's objections are OVERRULED and the R&R is ADOPTED in its entirety. Plaintiff's motion is DENIED and Samantha's motion is GRANTED.

I. Background and Proceedings

The Court assumes the parties' familiarity with the extensive procedural history of this case and will discuss the facts only as necessary for the pending motions. The Court directs the parties' attention to its Memorandum and Order concerning Defendants' Motion to Dismiss (Mar. 30, 2018 M&O, D.E. 278), along with Judge Tomlinson's R&R and previous R&Rs (D.E. 151, 152, 179, 252, 253, 301) for a full recitation of the facts and procedural history of this matter.

Plaintiff alleges that the various Defendants defrauded Exeter, their closely held family-run corporation, by transferring funds to themselves, to trusts, and to other entities in

Defendants' control for their personal use. (See generally Compl., D.E. 3-9.) As relevant here, Plaintiff seeks summary judgment against defendants Linda Haltman, Michael Haltman, Bruce Frank, Kathleen Frank, Larry Frank, and the Arnold and Sondra Frank Irrevocable Trust with respect to: (1) Count IV (Constructive Fraudulent Transfer under Bankruptcy Code ("Bankr.") § 548(a)(1)(B)); (2) Count V (Constructive Fraudulent Conveyance under New York's Debtor and Creditor Law ("DCL") §§ 273, 274, 275); (3) Count VI (Set-Aside of Avoidable Preferences under Bankruptcy Code § 547); (4) Count VII (Breach of Fiduciary Duty of Care); (5) Count VIII (Breach of Fiduciary Duty of Loyalty); and (6) Count IX (Aiding and Abetting Breach of Fiduciary Duty). (Pl. Mot.; R&R at 3.) Plaintiff objects only to the portion of the R&R that this Court deny its motion as to its claims for breach of fiduciary duty and the aiding and abetting of the breach of fiduciary duty (Counts VII, VIII, and IX). (Pl. Obj. at 1-2, 17.)

Next, Samantha's motion seeks summary judgment in her favor on Count XII (Turnover) and Count XIII (Unjust Enrichment). (Def. Mot.; R&R at 3.). There are no objections to Judge Tomlinson's recommendation that the Court grant Samantha's motion for summary judgment.

II. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that a "court shall grant summary judgment if the movant

3

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." To determine whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising from that evidence in the light most favorable to the non-moving party. Doro v. Sheet Metal Workers' Int'l Ass'n, 498 F.3d 152, 155 (2d Cir. 2007); Woodman v. WWOR-TV, Inc., 411 F.3d 69, 75 (2d Cir. 2005). In reviewing an R&R, this Court "may accept, reject, or modify the recommended disposition" and "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72. "When a party makes no objections, or where it makes only conclusory or general objections, courts will review the magistrate's findings for clear error." Pagan v. Brown, No. 07-CV-0453, 2011 WL 3235769, at *1 (E.D.N.Y. July 28, 2011), aff'd, 485 F. App'x 454 (2d Cir. 2012).

"[E]ven in a de novo review of a party's specific objections, the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" Brown v. Smith, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) quoting Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)); see also Wesley v. Alexander, No. 99-CV-2168, 2005 WL 1352593, at *6 (S.D.N.Y. June 8, 2005) (because magistrates play a crucial role within the federal judicial

4

framework by assuming "some of the burden imposed on the district courts by a burgeoning caseload," . . . "the law is clear that when a dispositive motion is heard before a magistrate judge, the [litigants] must make all . . . arguments then and there, and cannot later add new arguments at subsequent stages of the proceedings" without a compelling reason) (internal quotation marks and citations omitted).

III. Samantha's Motion

The R&R recommends that Samantha's motion for summary judgment as to Count XII (Turnover) and Count XIII (Unjust Enrichment) be granted. (R&R at 19-28.) No party objects to this recommendation. This Court previously dismissed Plaintiff's claim against Samantha for aiding and abetting breach of fiduciary duty (Count IX). (Mar. 30, 2018 M&O at 31-33.) Plaintiff withdrew its claims for fraud and fraudulent conveyance as against Samantha. (R&R at 4.) Accordingly, as all other claims against Samantha have been dismissed or withdrawn, only the subject turnover and unjust enrichment claims remain. "To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record." Condoleo v. Guangzhou Jindo Container Co., 427 F. Supp. 3d 316, 319 (E.D.N.Y. 2019) (citations omitted). In reviewing the R&R for clear error on these issues, the Court finds none, and it ADOPTS

5

the recommendation that Samantha be granted summary judgment on these two remaining claims. Samantha's motion (D.E. 334) is GRANTED. The Clerk of the Court is directed to TERMINATE Samantha Haltman as a defendant.

IV. Plaintiff's Motion

   A. Counts IV, V, and VI are DISMISSED

   Plaintiff does not object to the recommendation that this Court deny Plaintiff summary judgment on its constructive fraudulent transfer (R&R at 28-34) and avoidable preference (R&R at 35-38) claims. In reviewing these portions of the R&R for clear error, the Court finds none, and ADOPTS the R&R in this respect. Accordingly, Plaintiff's motion for summary judgment is DENIED as to Count IV (Constructive Fraudulent Transfer under Bankr. § 548(a)(1)(B)), Count V (Constructive Fraudulent Conveyance under DCL §§ 273, 274, 275), and Count VI (Set-Aside of Avoidable Preferences under Bankr. § 547).

   B. Counts VII, VIII, and IX

   The R&R further recommends that this Court deny Plaintiff's motion for summary judgment as to its breach of fiduciary duty (R&R at 38-46) and aiding and abetting a breach of fiduciary duty (R&R at 47) claims. Plaintiff objects, arguing that in applying de novo review, this Court should conclude that the facts demonstrating Linda Haltman's ("Linda") breach of her fiduciary duty to Exeter are "beyond dispute." (Pl. Obj. at 1.)

6

Plaintiff further contends that once this Court finds Linda's breach, there is no factual dispute as to the aiding and abetting claim against Larry Frank ("Larry") and Bruce Frank ("Bruce"). (Pl. Obj. at 13-14.)

Plaintiff submits a declaration from Brian A. Serotta, a CPA who reviewed Exeter's books and records (Serotta Decl., D.E. 363), with its objections, and asks the Court to review it pursuant to FED. R. CIV. P. 72(b)(3) (in resolving objections, the District Judge may "receive further evidence"). According to Plaintiff, the declaration "does not present evidence that is new in substance or nature, but rather lends further support for evidence and points already presented." (Pl. Obj. at 1, n.1.) The Court confines itself to the evidence presented to Judge Tomlinson, as "[i]t is not in the interests of justice to allow a party to wait until the Report and Recommendation or Order has been issued and then submit evidence that the party had in its possession but chose not to submit. Doing so would allow parties to undertake trial runs of their motion, adding to the record in bits and pieces depending upon the rulings or recommendation they received." Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998) (internal quotation marks and citation omitted). If, as Plaintiff states, the declaration merely "lends further support" to evidence before the magistrate, this Court need not consider it.

7

Counts VII and VIII of the Complaint allege that Linda and Arnold Frank[1] breached their fiduciary duties to Exeter. To prove a defendant breached his or her fiduciary duty, a plaintiff must demonstrate: "[1] the existence of a fiduciary duty; [2] a knowing breach of that duty; and [3] damages resulting therefrom." Johnson v. Nextel Commc'ns, Inc., 660 F. 3d 131, 138 (2d Cir. 2011) (citations omitted). Judge Tomlinson concluded that there were material facts in dispute regarding Linda's breach of her fiduciary duties, precluding summary judgment on these claims. Specifically, the R&R found that (1) the record, including Linda's deposition testimony, did not adequately reflect if the "related corporations" referenced in Linda's letters and statements involve the same Property Corporations forming the basis of Plaintiff's damages (R&R at 40-42); (2) the record did not adequately evidence that Linda's general transfer of Exeter assets for the benefits of insiders (the defendant family members) was a breach of her fiduciary duty, because Plaintiff did not reference specific transfers or Linda's role in them (R&R at 39, n.20); (3) the record does not adequately demonstrate Linda's actual involvement in the Property Corporations transfer scheme ("Scheme") (R&R at 44-45).

---

[1] Arnold Frank, the family patriarch, passed away during the pendency of this case. Plaintiff elected not to pursue claims against his estate.

Plaintiff states that Linda breached her fiduciary duties by participating in the large-scale Scheme, and that other alleged acts (submitting false statements to New York State regulators, making false representations on a mortgage application, and directing Larry to backdate Quick Books entries) show Linda's knowledge, execution, and consciousness of guilt with respect to the Scheme. (Pl. Obj. at 2, n.3.) Plaintiff restates the record evidence it believes supports the breach of fiduciary duty claims in asking this Court to come to a different conclusion upon de novo review. However, the R&R thoroughly discussed the evidence--or lack thereof--in each instance.

As to Linda's statements to New York State regulators, the letters reference "[a]ll investments in related corporations" (2005 Letter, Pl. 56.1 Stmt., D.E. 315-1, ¶ 81) and that Exeter's loans were secured by mortgages to "related companies" (2008 Fin. Stmt., Pl. 56.1 Stmt., ¶ 84). The R&R finds that the "related companies" are not sufficiently identified in Linda's deposition testimony, as Plaintiff contends they are, because her testimony only refers to three out of twelve Property Corporations. (R&R at 40-42.) Plaintiff does not dispute that the testimony only refers to three Property Corporations. The Court similarly finds this insufficient to adequately link the statements to the damages. While it is plausible that Linda participated in the Scheme by virtue of her role as president and her control over day-to-day

9

operations, including the books (see Pl Obj. at 6-7), Plaintiff has not proffered sufficient evidence demonstrating the absence of material facts in dispute, especially as any factual inferences must be viewed in the light most favorable to Defendants.

As to purported false statements on a mortgage application, Linda and her husband Michael submitted a loan application for property owned by a Property Corporation and represented that it would be their second home and they did not intend on selling it. Michael later testified that they never intended to live there. (R&R at 17-18.) Judge Tomlinson found that Plaintiff had not explained or demonstrated how Linda's statements caused damages and noted the de minimis funds transferred from Exeter to the Property Corporation in this instance. (R&R at 43.) Plaintiff argues that the R&R "misconstrues the point" because the mortgage application is not a "standalone breach" but rather "demonstrates knowledge and execution of the Scheme." (Pl. Obj. at 8, n.9.) Plaintiff, however, misconstrues this point. Again, the R&R does not dispute that Linda owed a fiduciary duty, but rather concludes that there is insufficient evidence demonstrating actual actions in furtherance of her breach.

And as to Linda's directive to Larry to backdate certain Quick Books entries, Judge Tomlinson found that Linda's affidavit explaining why she did so raises sufficient questions of fact and

10

presents credibility issues not resolvable on summary judgment. (R&R at 43.) This Court agrees. Accordingly, Plaintiff's objections regarding Linda's breach are OVERRULED.

Finally, Count IX alleges that Larry and Bruce, among others, aided and abetted Linda's breach of her fiduciary duty to Exeter. Because the aiding and abetting claim is contingent upon Linda's underlying breach, and Judge Tomlinson concluded there were material issues of fact precluding summary judgment as to Linda's breach, the R&R recommends that Plaintiff's motion be denied for the aiding and abetting claim against Larry and Bruce. (R&R at 47.) Plaintiff objects, arguing that because the evidence establishes Linda's breach, Larry and Bruce's aiding and abetting should have been considered and found established. (Pl. Obj. at 13-16.) Because the Court agrees that Linda's breach of her fiduciary duties has not been clearly established, it need not consider the aiding and abetting claim against Larry and Bruce. Accordingly, Plaintiff's objections on this point are OVERRULED.

V. Conclusion

Plaintiff's objections are OVERRULED and the R&R (D.E. 358) is ADOPTED in its entirety. Accordingly, (1) Samantha Haltman's motion for summary judgment (D.E. 334) is GRANTED and the Clerk of the Court is directed to TERMINATE Samantha Haltman as a defendant and (2) Plaintiff's motion for summary judgment (D.E. 342) is DENIED.

Within thirty (30) days of the date of this Order, the parties are to submit a joint letter advising the Court whether (1) there are any outstanding substantive or scheduling issues to address prior to trial and (2) whether they wish to schedule a settlement conference with Judge Tomlinson.

        SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May   29  , 2020
      Central Islip, New York